**UNITED STATES of America, Plaintiff–Appellee,**

v.

**87 BLACKHEATH ROAD; Funds in Citibank Account's: 42767859, 28932627, 14978026, 28932707, Defendants,**

**Roman Aginsky, Claimant–Defendant,**

**Alla Aginsky, Claimant–Defendant– Appellant.**

United States Court of Appeals, Second Circuit.

Submitted: Jan. 26, 2000

Decided: Jan. 31, 2000

Alla Aginsky, pro se, Brooklyn, NY, for Claimant–Defendant–Appellant.

Sarah J. Lum, Assistant United States Attorney, Brooklyn, N.Y. (Loretta Lynch, United States Attorney, Eastern District of New York), for Plaintiff–Appellee.

Before: VAN GRAAFEILAND, STRAUB, and POOLER, Circuit Judges.

PER CURIAM.

Claimant–Defendant–Appellant Alla Aginsky moves for appointment of Criminal Justice Act ("CJA") counsel to challenge a decree of forfeiture of the United States District Court for the Eastern District of New York (David G. Trager, *Judge*) pursuant to a jury verdict. For the reasons that follow, we deny the motion.

In August 1996, a civil forfeiture action was filed regarding the property at 87 Blackheath Road, Lido Beach, New York ("87 Blackheath") and various Citibank accounts held in the names of Alla Aginsky and her husband Roman Aginsky. The forfeiture action stemmed from a criminal case against Mr. Aginsky. In January 1997, Mrs. Aginsky's retained counsel moved to be relieved as counsel and for Richard Lind, a member of the CJA panel, to be appointed to represent Mrs. Aginsky.

The court granted the motion and substituted Lind as counsel without discussion of the propriety of using CJA funds for this litigation. The property and bank account were subsequently forfeited pursuant to a jury verdict, and Mrs. Aginsky brought this appeal. In June 1999, Lind filed a motion on Mrs. Aginsky's behalf in this Court to be appointed as CJA counsel on the ground that the complexity of this action warrants appointment of CJA counsel.

The CJA authorizes the payment of counsel for, *inter alia*, financially eligible individuals who have a Sixth Amendment right to counsel. *See* 18 U.S.C. § 3006A(a)(1)(H). "The protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions." *Austin v. United States*, 509 U.S. 602, 608, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (internal quotation marks omitted). "[A]lthough 'those protections associated with criminal cases may apply to a civil forfeiture proceeding if it is so punitive that the proceeding must reasonably be considered criminal,' the Supreme Court has so far been unwilling to deem forfeiture proceedings 'criminal' for the purpose of counsel...." *United States v. 7108 W. Grand Ave.*, 15 F.3d 632, 635 (7th Cir.) (quoting *Austin*, 509 U.S. at 608 n. 4, 113 S.Ct. 2801), *cert. denied*, 512 U.S. 1212, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994). Other Circuits have therefore held that a litigant challenging a civil forfeiture does not have a Sixth Amendment right to counsel. *See United States v. 817 N.E. 29th Drive*, 175 F.3d 1304, 1311–12 n. 14 (11th Cir.1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 806, —— L.Ed.2d —— (2000); *United States v. 415 E. Mitchell Ave.*, 149 F.3d 472, 475 n. 1 (6th Cir.1998); *United States v. Deninno*, 103 F.3d 82, 86 (10th Cir.1996); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.1995); *7108 W. Grand Ave.*, 15 F.3d at 635. We now similarly conclude that Mrs. Aginsky has no Sixth Amendment right to counsel to challenge the civil forfeiture and therefore no entitlement to CJA counsel in such a proceeding.

Accordingly, the motion for appointment of CJA counsel is denied. Claimant-defendant-appellant may proceed *pro se* or move for assignment of *pro bono* counsel.