# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00012-CV

**$585.00 U.S. Currency, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 228,228-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Corey Cardrey Thomas filed a pro se notice of appeal from an order of forfeiture, in which the trial court found that $585.00 in U.S. currency and approximately 8.5 grams of cocaine, which was seized from Thomas's person at the time of his arrest for possession of a controlled substance, was contraband subject to seizure and forfeiture to the State. *See* Tex. Code Crim. Proc. Ann. arts. 59.01-.14 (West 2006 & Supp. 2008) (forfeiture of contraband). On appeal, Thomas argues that he received ineffective assistance of counsel and that the evidence was insufficient to support the forfeiture of the $585.00.[1] We affirm the trial court's order.

---

[1] Thomas does not contest the forfeiture of the cocaine on appeal.

## BACKGROUND

On February 21, 2008, the State filed a notice of seizure and intended forfeiture of cash and narcotics seized from Thomas on January 25, 2008, during the execution of a search warrant.[2] The notice was supported by the affidavit of the officer who seized the property.

The attorney appointed to represent Thomas in his criminal case also filed an original answer in the forfeiture proceeding. After an evidentiary hearing, in which Thomas's counsel participated, the trial court issued its order of forfeiture, finding that the $585.00 in U.S. currency was "obtained as a result of the sale, manufacturing, distribution, dispensation and delivery of a controlled substance." *See id.* art. 59.01(2)(C) (definition of "contraband" for purposes of civil forfeiture includes "the proceeds gained from" a felony under chapter 481 of the health and safety code). Thomas then filed a pro se notice of appeal.

## STANDARD OF REVIEW

A forfeiture proceeding under chapter 59 of the code of criminal procedure is a civil proceeding. *See id.* art. 59.05(b). The State has the burden of proving by a preponderance of the evidence that the property is subject to forfeiture. *Id.* The State must also establish that the seizure was justified by probable cause. *See State v. $11,014.00*, 820 S.W.2d 783, 784 (Tex. 1991). Probable cause in a forfeiture proceeding "is a reasonable belief that a 'substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'" *$56,700.00 in*

---

[2] Thomas was arrested and ultimately convicted after pleading guilty to possession of more than four but less than 200 grams of a controlled substance, enhanced by a prior conviction to a first-degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(d) (West 2003).

*U.S. Currency v. State*, 730 S.W.2d 659, 661 (Tex. 1987) (quoting *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981)).

Under the civil preponderance-of-the-evidence standard, evidence is legally insufficient only when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). When considering a factual sufficiency challenge, we consider and weigh all of the evidence, setting aside the verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *see also $43,774.00 in U.S. Currency v. State*, 266 S.W.3d 178, 183 (Tex. App.—Texarkana 2008, pet. filed).

## DISCUSSION

In his first issue on appeal, Thomas argues that he received ineffective assistance of counsel. Because this is a civil forfeiture proceeding, the right to counsel does not apply and any ineffective assistance of counsel would not implicate Thomas's constitutional rights. *See Approximately $42,850.00 v. State*, 44 S.W.3d 700, 702 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("[C]omplaints regarding the ineffectiveness of counsel clearly have no relevance or application to this civil forfeiture proceeding."); *see also Kimbro v. State*, No. 13-00-345-CV, 2001 Tex. App. LEXIS 8486, at *3-4 (Tex. App.—Corpus Christi Dec. 13, 2001, no pet.) (not designated for publication). Federal courts have also held that "a litigant challenging a civil forfeiture does not

3

have a Sixth Amendment right to counsel." *United States v. 87 Blackheath Rd.*, 201 F.3d 98, 99 (2d Cir. 2000) (per curiam) (collecting cases). While Thomas argues that the trial court guaranteed him the right to effective assistance of counsel when it provided him with an appointed attorney, there is no indication in the record that the trial court actually appointed counsel for the purposes of the civil forfeiture proceeding. Rather, the attorney appointed to represent Thomas in the related criminal proceeding apparently represented him in the forfeiture proceeding as well. The record does not reflect that this was done at the order of the trial court. We overrule Thomas's first issue.[3]

In Thomas's second point of error, he argues that there is legally insufficient evidence to support a finding that probable cause existed for the seizure. In reviewing the sufficiency of the evidence, we note that the appellate record does not include a transcript of the forfeiture hearing. While Thomas filed a "motion for records" in the trial court, he has not filed an affidavit of indigence. *See* Tex. R. App. P. 20.1. On March 18, 2009, this Court notified Thomas that if he did not properly establish indigence as required by the rules of appellate procedure or otherwise make arrangement to pay for the reporter's record by March 30, the appeal would be submitted for decision without the benefit of the reporter's record. Thomas did not pay for the reporter's record or file an affidavit of indigence by the March 30 deadline. While Thomas filed a motion to proceed without costs in this Court on August 14, 2009, he did not request the preparation of a free reporter's record.

---

[3] In raising the issue of ineffective assistance of counsel, Thomas makes a passing reference to "prosecutional misconduct" that he claims violated his right to due process. Thomas does not elaborate further and provides no specific examples of misconduct by the State. As a result, we consider the issue inadequately briefed and decline to address it. *See* Tex. R. App. P. 38.1(h).

In the absence of a reporter's record, "it must be presumed that sufficient evidence was introduced to support . . . the judgment of the court." *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex. 1987). The trial court states in its order that it "heard testimony, read the pleadings, the sworn statement of the seizing officer and the other papers on file" before determining that forfeiture was proper. While the pleadings and other documents are before us, we do not have a transcript of the testimony before the trial court and must presume that such testimony supported the judgment. *See id.* In light of this presumption, we must overrule Thomas's contention that there is no evidence to support the finding that probable cause existed for the seizure.

In his third point of error, Thomas argues that there is legally and factually insufficient evidence to support a finding that the cash was derived from the sale, manufacturing, distribution, dispensation, and delivery of a controlled substance. As before, we must presume that the testimony at the hearing supported the trial court's judgment. As a result, we cannot conclude that there is legally or factually insufficient evidence to support a finding that the seized cash was derived from the sale, manufacturing, distribution, dispensation, and delivery of a controlled substance. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) ("[W]hen an appellant complains of the factual or legal sufficiency of the evidence, the appellant's burden to show that the judgment is erroneous cannot be discharged in the absence of a complete or an agreed statement of facts."). Thomas's third point of error is overruled.

**CONCLUSION**

We affirm the trial court's order of forfeiture.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   August 31, 2009