TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00012-CV







$585.00 U.S. Currency, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT

NO. 228,228-B, HONORABLE RICK MORRIS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Corey Cardrey Thomas filed a pro se notice of appeal from an order of forfeiture, in
which the trial court found that $585.00 in U.S. currency and approximately 8.5 grams of cocaine,
which was seized from Thomas's person at the time of his arrest for possession of a controlled
substance, was contraband subject to seizure and forfeiture to the State. See Tex. Code Crim. Proc.
Ann. arts. 59.01-.14 (West 2006 & Supp. 2008) (forfeiture of contraband). On appeal, Thomas
argues that he received ineffective assistance of counsel and that the evidence was insufficient to
support the forfeiture of the $585.00. (1) We affirm the trial court's order.





BACKGROUND

On February 21, 2008, the State filed a notice of seizure and intended forfeiture of cash and narcotics
seized from Thomas on January 25, 2008, during the execution of a search warrant. (2) The notice was
supported by the affidavit of the officer who seized the property. 

 The attorney appointed to represent Thomas in his criminal case also filed an original
answer in the forfeiture proceeding. After an evidentiary hearing, in which Thomas's counsel
participated, the trial court issued its order of forfeiture, finding that the $585.00 in U.S. currency
was "obtained as a result of the sale, manufacturing, distribution, dispensation and delivery of a
controlled substance." See id. art. 59.01(2)(C) (definition of "contraband" for purposes of
civil forfeiture includes "the proceeds gained from" a felony under chapter 481 of the health and
safety code). Thomas then filed a pro se notice of appeal.


STANDARD OF REVIEW

 A forfeiture proceeding under chapter 59 of the code of criminal procedure is a civil
proceeding. See id. art. 59.05(b). The State has the burden of proving by a preponderance of the
evidence that the property is subject to forfeiture. Id. The State must also establish that the seizure
was justified by probable cause. See State v. $11,014.00, 820 S.W.2d 783, 784 (Tex. 1991). 
Probable cause in a forfeiture proceeding "is a reasonable belief that a 'substantial connection exists
between the property to be forfeited and the criminal activity defined by the statute.'" $56,700.00 in
U.S. Currency v. State, 730 S.W.2d 659, 661 (Tex. 1987) (quoting United States v. $364,960.00 in
U.S. Currency, 661 F.2d 319, 323 (5th Cir. 1981)).

 Under the civil preponderance-of-the-evidence standard, evidence is legally
insufficient only when (a) there is a complete absence of evidence of a vital fact, (b) the court is
barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital
fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence
establishes conclusively the opposite of the vital fact. City of Keller v. Wilson, 168 S.W.3d 802, 810
(Tex. 2005). When considering a factual sufficiency challenge, we consider and weigh all of the
evidence, setting aside the verdict only if the evidence is so weak or if the finding is so against the
great weight and preponderance of the evidence that it is clearly wrong and unjust. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); see also $43,774.00 in U.S. Currency v. State, 266 S.W.3d 178,
183 (Tex. App.--Texarkana 2008, pet. filed).


DISCUSSION


 In his first issue on appeal, Thomas argues that he received ineffective assistance of
counsel. Because this is a civil forfeiture proceeding, the right to counsel does not apply and any
ineffective assistance of counsel would not implicate Thomas's constitutional rights. See
Approximately $42,850.00 v. State, 44 S.W.3d 700, 702 (Tex. App.--Houston [14th Dist.] 2001,
no pet.) ("[C]omplaints regarding the ineffectiveness of counsel clearly have no relevance or
application to this civil forfeiture proceeding."); see also Kimbro v. State, No. 13-00-345-CV, 2001
Tex. App. LEXIS 8486, at *3-4 (Tex. App.--Corpus Christi Dec. 13, 2001, no pet.) (not designated
for publication). Federal courts have also held that "a litigant challenging a civil forfeiture does not
have a Sixth Amendment right to counsel." United States v. 87 Blackheath Rd., 201 F.3d 98, 99 (2d
Cir. 2000) (per curiam) (collecting cases). While Thomas argues that the trial court guaranteed him
the right to effective assistance of counsel when it provided him with an appointed attorney, there
is no indication in the record that the trial court actually appointed counsel for the purposes of the
civil forfeiture proceeding. Rather, the attorney appointed to represent Thomas in the related
criminal proceeding apparently represented him in the forfeiture proceeding as well. The record does
not reflect that this was done at the order of the trial court. We overrule Thomas's first issue. (3)

 In Thomas's second point of error, he argues that there is legally insufficient evidence
to support a finding that probable cause existed for the seizure. In reviewing the sufficiency of the
evidence, we note that the appellate record does not include a transcript of the forfeiture hearing. 
While Thomas filed a "motion for records" in the trial court, he has not filed an affidavit of
indigence. See Tex. R. App. P. 20.1. On March 18, 2009, this Court notified Thomas that if he did
not properly establish indigence as required by the rules of appellate procedure or otherwise make
arrangement to pay for the reporter's record by March 30, the appeal would be submitted for decision
without the benefit of the reporter's record. Thomas did not pay for the reporter's record or file an
affidavit of indigence by the March 30 deadline. While Thomas filed a motion to proceed without
costs in this Court on August 14, 2009, he did not request the preparation of a free reporter's record. 

 In the absence of a reporter's record, "it must be presumed that sufficient evidence
was introduced to support . . . the judgment of the court." Murray v. Devco, Ltd., 731 S.W.2d 555,
557 (Tex. 1987). The trial court states in its order that it "heard testimony, read the pleadings, the
sworn statement of the seizing officer and the other papers on file" before determining that forfeiture
was proper. While the pleadings and other documents are before us, we do not have a transcript of
the testimony before the trial court and must presume that such testimony supported the judgment. 
See id. In light of this presumption, we must overrule Thomas's contention that there is no evidence
to support the finding that probable cause existed for the seizure. 

 In his third point of error, Thomas argues that there is legally and factually
insufficient evidence to support a finding that the cash was derived from the sale, manufacturing,
distribution, dispensation, and delivery of a controlled substance. As before, we must presume that
the testimony at the hearing supported the trial court's judgment. As a result, we cannot conclude
that there is legally or factually insufficient evidence to support a finding that the seized cash was
derived from the sale, manufacturing, distribution, dispensation, and delivery of a controlled
substance. See Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991) ("[W]hen an appellant
complains of the factual or legal sufficiency of the evidence, the appellant's burden to show that the
judgment is erroneous cannot be discharged in the absence of a complete or an agreed statement of
facts."). Thomas's third point of error is overruled.





CONCLUSION

 We affirm the trial court's order of forfeiture.



 ___________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: August 31, 2009




1. Thomas does not contest the forfeiture of the cocaine on appeal.
2. Thomas was arrested and ultimately convicted after pleading guilty to possession of more
than four but less than 200 grams of a controlled substance, enhanced by a prior conviction to a first-degree felony. See Tex. Health & Safety Code Ann. § 481.115(d) (West 2003).
3. In raising the issue of ineffective assistance of counsel, Thomas makes a passing reference
to "prosecutional misconduct" that he claims violated his right to due process. Thomas does not
elaborate further and provides no specific examples of misconduct by the State. As a result, we
consider the issue inadequately briefed and decline to address it. See Tex. R. App. P. 38.1(h).