FILED
United States Court of Appeals
Tenth Circuit

May 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD CLARK,

    Defendant - Appellant.

No. 15-5124
(D.C. Nos. 4:14-CV-00565-JHP-PJC and
4:09-CR-00013-JHP-2)
(N. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

Richard Clark, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence. Because Clark has failed to

satisfy the standards for the issuance of a COA, we deny his request and dismiss the

matter. We also deny his request to proceed in forma pauperis on appeal.

I

A grand jury indicted Clark on one count of conspiracy, eight counts of wire fraud,

four counts of securities fraud, and five counts of money laundering. Prior to his

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

indictment, the government placed a caveat on his residence. Clark's attorney, Allen Smallwood, as well as two additional attorneys that worked with Smallwood, represented Clark during the early stages of this case. Clark attempted to use the equity in his residence to pay attorneys' fees. When these efforts failed, all three attorneys sought to withdraw. The district court denied Smallwood's request, but permitted his colleagues to withdraw. Smallwood represented Clark throughout trial and did so in what a prior panel of this court described as "a thorough and vigorous fashion." United States v. Clark, 717 F.3d 790, 796 (10th Cir. 2013) (quoting United States v. Gordon, 710 F.3d 1124, 1139 (10th Cir. 2013)) (Clark's direct appeal).

Clark was convicted on fourteen of the twenty-one counts charged. His conviction and sentence were affirmed. Id. He subsequently filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which was denied by the district court. On July 17, 2015, Clark filed a notice of appeal and a request for a COA. The district court denied Clark's request for a COA. Clark has now filed an application for a COA from this court.

## II

Issuance of a COA is jurisdictional: the denial of a § 2255 motion may be appealed only if the district court or this court first issues a COA. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253(c)(1)). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make that showing, the applicant must demonstrate "that

2

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).

## III

Clark argues that Smallwood provided ineffective assistance of counsel in "fail[ing] to file a formal motion for return on the property illegally seized." Motion for COA at 13. Even assuming that the caveat placed on Clark's property constituted an illegal seizure (a point we need not address), Clark's claim fails for the reasons relied upon by the district court. The Supreme Court has made clear that "where there is no constitutional right to counsel there can be no deprivation of effective assistance." Coleman v. Thompson, 501 U.S. 722, 752 (1991). We have held that "[t]he Sixth Amendment's right to counsel is . . . limited to the risk of loss of *liberty*" and therefore does not extend to civil forfeiture proceedings. United States v. Deninno, 103 F.3d 82, 86 (10th Cir. 1996) (emphasis added) (citing Scott v. Illinois, 440 U.S. 367, 373 (1979), which "adopt[ed] 'actual imprisonment' as the line defining the constitutional right to appointment of counsel). Other circuits have reached similar holdings. See United States v. Saccoccia, 564 F.3d 502, 505 (1st Cir. 2009); United States v. 87 Blackheath Rd., 201 F.3d 98, 99 (2d Cir. 2000)[1]; United States v. Real Prop. Known & Numbered as 415 E.

---

[1] The Second Circuit has since recognized that the Civil Asset Forfeiture Reform Act of 2000 created a statutory right to counsel in civil forfeiture actions involving one's home, but further recognized that CAFRA did nothing to alter the protections afforded by

3

Mitchell Ave. Cincinnati, Ohio, 149 F.3d 472, 475 n.1 (6th Cir. 1998); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995); United States v. 7108 W. Grand Ave., Chicago, Ill., 15 F.3d 632, 635 (7th Cir. 1994).

A caveat is "a notice, usually in the form of an entry in a register, to the effect that no action of a certain kind . . . may be taken without first informing the person who gave the notice." Bryan A. Garner, A Dictionary of Modern Legal Usage 143 (3d ed. 2011). The caveat at issue here merely gave notice that "[t]he United States . . . claims an interest in and to [Clark's residence] for the reason that the property *may* be subject to forfeiture to the United States." Exhibit 1 to Motion for COA. We do not believe that a reasonable jurist could conclude that mere notice triggers *greater* Sixth Amendment rights than actual forfeiture does. Accordingly, reasonable jurists could not disagree with the district court's conclusion that Clark had no right to have counsel assist him in disputing the government's placement of a caveat on his residence.

Pursuant to Federal Rule of Appellate Procedure 28(j), Clark has provided this court with a recent Supreme Court decision, United States v. Luis, 136 S. Ct. 1083 (2016), which he claims warrants a different outcome. We disagree. In Luis, the Supreme Court held that the government violated the petitioner's Sixth Amendment right to have counsel of choice by freezing indisputably "untainted funds, i.e., funds not connected with the crime" before trial. Id. at 1087–88 (majority), 1096 (Thomas, J.,

the Sixth Amendment. United States v. 777 Green Avenue, 609 F.3d 94, 97–98 (2d Cir. 2010). Because we review Clark's *constitutional* rights, we need not address this modification.

concurring).  Thus, Luis considered whether *the government's* actions violated Luis's Sixth Amendment right to *counsel of choice*.  Here, in contrast, the district court considered whether *Smallwood's* actions violated Clark's Sixth Amendment right to *effective assistance of counsel*.  Although Clark's § 2255 motion claims that Smallwood's alleged ineffective assistance *resulted* in Clark being unable to obtain counsel of choice, it does not directly assert a choice-of-counsel claim.  See District Court Docket No. 513.  Thus, Luis has no bearing on Clark's motion to vacate.  Moreover, we need not consider whether and to what extent Luis would affect a choice-of-counsel claim brought by Clark because he did not raise that issue before the district court.  See United States v. Viera, 674 F.3d 1214, 1220 (10th Cir. 2012) (adhering "to our general rule against considering issues for the first time on appeal").

Clark also appears to argue that the caveat placed on his residence violated his Fifth Amendment Due Process rights.  This argument was raised and rejected on direct appeal, Clark, 717 F.3d at 799–803, and therefore cannot be considered on a § 2255 collateral attack absent an intervening change of law, United States v. Prichard, 875 F.3d 789, 791 (10th Cir. 1989), which Clark has not offered us here.

Because Clark has not offered any "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his request to proceed in forma pauperis is denied.  See United States v. Silvia, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812–13 (10th Cir. 1997)).

5

IV

The application for a Certificate of Appealability is DENIED.  The motion to proceed in forma pauperis is also DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge