06-5136-cr
U.S.A. v. Santiago

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2006

(Submitted: June 29, 2007                                    Decided: July 18, 2007)

Docket No. 06-5136-cr

UNITED STATES OF AMERICA,

  *Appellee*,

  -v.-

LUIS SANTIAGO,

  *Defendant-Appellant,*

LOUIS HERRERA, EARL REYES, WAYLAND R. GIBBS,

  *Defendants.*

Before: CABRANES, RAGGI, *Circuit Judges,* and BERMAN,[1] *District Judge.*

In an appeal from a criminal conviction in the United States District Court for the Southern District of New York (George B. Daniels, *Judge*), court-appointed defense counsel moves to withdraw, pursuant to *Anders v. California*, 386 U.S. 738 (1967), on the ground that there is no non-frivolous basis for appeal. Before this Court will rule on counsel's motion, counsel is ordered to take reasonable actions to ensure that the defendant, who may be illiterate, receives adequate oral notice of (1) the substance of the *Anders* brief, (2) the defendant's right to proceed *pro se* or seek appointment of new counsel, and (3) the likely consequence of a failure by the defendant to respond to the *Anders* motion.

Counsel's motion to withdraw is denied, without prejudice to renewal upon the filing of a declaration showing reasonable efforts to convey the required notice orally to the defendant.

---

[1] The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

Ellyn I. Bank, New York, NY, *for Defendant-Appellant.*

Alexander J. Willscher, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, *of counsel,*) United States Attorney's Office for the Southern District of New York, New York, NY, *for Appellee.*

JOSÉ A. CABRANES, *Circuit Judge*:

In *United States v. Leyba*, 379 F.3d 53 (2d Cir. 2004), we held that when counsel representing a non-English speaker files a motion to withdraw as counsel on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), he must take reasonable action to ensure that his client received notice of the motion in a language the client understands. *United States v. Leyba* 379 F.3d at 55-56. Today we address a case in which counsel represents a defendant who may be illiterate.

Defendant-appellant Luis Santiago ("defendant" or "Santiago") appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (George B. Daniels, *Judge*), following a plea of guilty to (1) conspiracy to commit robbery, (2) robbery, and (3) brandishing a firearm during the robbery. In the plea agreement, the defendant agreed to waive his right to file an appeal if he was sentenced within or below the stipulated guidelines range of 135 and 147 months. The District Court imposed a sentence of 51 months for counts one and two, each to be served concurrently, and the District Court also imposed the mandatory 84-month term of imprisonment for count three to run consecutively to counts one and two, for a total sentence of 135 months. The District Court further imposed a period of five years of supervised release, and a special assessment of $300. Santiago, who has filed a timely notice of appeal, was initially serving his sentence at the Rikers Island Correctional Facility in New York City, which serves primarily as a pre-trial detention center. The record does not reveal where Santiago is now imprisoned. His counsel in proceedings in the District Court, Ellyn I. Bank ("Bank"), has moved to be relieved pursuant to *Anders*,

2

and the Government has moved for summary affirmance.

Under *Anders*, counsel may ask the Court for permission to withdraw from representing the defendant in an appeal if "counsel is convinced, after conscientious investigation, that the appeal is frivolous." 386 U.S. at 741 (quoting *Ellis v. United States*, 356 U.S. 674, 675 (1958)). Counsel's request "must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal," *id.* at 744, and by an affidavit indicating that the client was furnished a copy of the motion and accompanying brief, as well as "a letter informing the client that he or she has the right to file a *pro se* brief," *United States v. Arrous*, 320 F.3d 355, 358 (2d Cir. 2003). Our Court's instructions to counsel entitled *How to Appeal Your Criminal Case* also specifies the notice to be given to the client:

> An attorney filing an *Anders* brief must also submit an affidavit or affirmation to the Court stating that the client has been informed:
>
> (1) That a brief pursuant to *Anders* . . . has been filed.
>
> (2) That the filing of an *Anders* brief will probably result in the dismissal of the appeal and affirmance of the conviction.
>
> (3) That the client may request assistance of other counsel or submit *pro se* response papers.

United States Court of Appeals for the Second Circuit, *How to Appeal Your Criminal Case* (2004); *see Leyba*, 379 F.3d at 54-55.

In this case, on April 9, 2007, Bank filed, along with her *Anders* motion and brief, a declaration (1) that she had served the defendant a copy of the *Anders* motion and brief "by mailing copies of said documents" to him at the Anna M. Kross Center on Rikers Island; and (2) that the defendant had been "informed" that the brief was filed, that the motion will most likely result in the dismissal of his appeal, and that the defendant may request assistance of other counsel or submit *pro se* response papers. She attached to her declaration a copy of the letter she sent to the defendant which conveyed the documents noted above. For convenience we will refer to the various documents that must be

3

conveyed to a defendant when an *Anders* motion is contemplated as "the *Anders* notice documents."

It is unclear from Bank's declaration whether she simply mailed the letter to Santiago or also had some oral communication with him. In any event, the defendant has not responded to the *Anders* motion by submitting to the Court any comments of his own. According to the Pre-Sentencing Report submitted to the District Court by the United States Probation Office, the defendant is illiterate, although he understands both English and Spanish. On this record, it is possible that if the defendant received the *Anders* notice documents he would not have understood them.[2] We believe that in these circumstances, the notice accorded to the defendant may have been inadequate.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust, Co.* 339 U.S. 306, 314 (1950). In *United States v. Leyba*, we held that where counsel knows that the client does not speak English, counsel must "[a]t a minimum, . . . make reasonable efforts to contact the defendant in person or by telephone, with the aid of an interpreter if necessary, to explain to the defendant the substance of counsel's *Anders* brief, the defendant's right to oppose it or seek new counsel, and the likelihood that the brief could result in dismissal of the appeal." 379 F.3d at 56. We held in that case that written notice, "in a language understood by the client, would also suffice." *Id.*

In other circumstances, where a defendant is literate in English and can comprehend the information conveyed to him by an attorney who seeks permission of the Court to withdraw under *Anders*, the *Anders* notice documents conveyed by Bank would meet the basic requirement of notice to

---

[2]Although the Pre-Sentencing Report appears to indicate that the defendant is illiterate, there is some evidence in the record that the defendant *can* read and understand English. *See, e.g.,* App. At 84 ("I [*i.e.,* Judge Daniels] find the testimony credible that the defendant not only looked at the statement and read it to himself, but read it back to the agents out loud.")

4

clients. But we are here presented with a defendant who may not be literate in English or in his native Spanish language.

In this case, where the defendant may be illiterate, the *Anders* notice documents alone will not suffice without some additional effort to ensure that their contents are communicated to the defendant orally. We cannot confidently assume that if the defendant receives the *Anders* notice documents he will necessarily be able to find someone to read them to him. At a minimum, when counsel knows or has reason to believe that the client may be illiterate, she must make some reasonable effort to contact the defendant in person to explain the contents of the *Anders* notice documents or arrange to have someone read them to him. The effort to accomplish notice must be a reasonable one and reasonableness will always depend on the circumstances presented. In some cases, a defendant may be incarcerated far from his attorney's office, or may even be living abroad. Where the defendant is in custody at a distant facility, counsel should make a reasonable effort to assure that someone is available, including perhaps an employee of the correctional facility, to read aloud the *Anders* notice documents to the defendant in a language he understands. Where the defendant is living abroad, we may have no alternative other than to indulge a presumption that the defendant, upon receipt of a letter from counsel, reasonably will seek to have the *Anders* notice documents read aloud to him.

## CONCLUSION

On the record before us, we cannot determine whether Bank has communicated orally with Santiago or arranged for someone at the prison to read her letter and other documents to him. Accordingly, we deny her motion to be relieved as appellate counsel in accordance with *Anders*, without prejudice to renewal within thirty days of the filing of this opinion upon a showing of reasonable efforts to convey the required notice to the defendant orally in a language that he understands.

Any renewed *Anders* motion will be referred to this panel for consideration. The Government's motion for summary affirmance will be held in abeyance until such time as we are informed that a

5

renewed motion has been filed or that the defendant's counsel has decided to proceed in some other manner.