**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5093

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAMION KETTLE, a/k/a Chris White,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:08-cr-00208-HEH-6)

Submitted: December 16, 2009     Decided: February 16, 2010

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barbara L. Hartung, Richmond, Virginia, for Appellant. Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damion Kettle appeals his eighty-seven month sentence for conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a), 846 (2006). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court's sentence was substantively unreasonable, but concluding there are no meritorious grounds for appeal. Additionally, Kettle filed a pro se supplemental brief. We affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory guideline range. See Gall, 552 U.S. at 49, 51. We then consider whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. See id. at 49-50, 51. When imposing a sentence, the district court "'must make an

2

individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (emphasis omitted).

Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). When reviewing the district court's application of the sentencing guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We afford a sentence within the properly calculated guideline range a presumption of reasonableness. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006); see Rita v. United States, 551 U.S. 338, 341, 347 (2007).

Kettle raises two challenges to the procedural reasonableness of his sentence. Kettle first challenges on two grounds the district court's application of a two offense level enhancement for possession of a firearm, pursuant to United States Sentencing Commission, Guidelines Manual, ("USSG") § 2D1.1(b)(1). First, Kettle asserts that this enhancement was improper because he was never indicted for possession of a firearm during the commission of a crime, and the Government

3

failed to prove this allegation. Alternatively, Kettle contends that the Government failed to demonstrate that he actively employed the weapon during the commission of the offense. Because Kettle's two alternative arguments against application of a firearms enhancement are made for the first time on appeal, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

A two-level increase is authorized under § 2D1.1(b)(1) if the defendant possessed a dangerous weapon during the offense. Application Note 3 to § 2D1.1 explains that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." The Government "need show only that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).

Here, it is clear that the district court did not err in enhancing Kettle's offense level for possession of a firearm. The statement of facts, to which Kettle agreed, describes that a firearm was found in Kettle's residence during a search following a controlled delivery of marijuana to Kettle by narcotics agents in 2006. Thus, because the firearm was present during the relevant illegal activity, the enhancement was proper, and Kettle's claims are without merit.

4

Additionally, Kettle asserts that the district court erred in improperly considering the possibility of the Government's future filing of a motion for a substantial assistance reduction. Kettle bases this claim on the following exchange between the district judge and the Government, which occurred immediately after the Government gave its argument regarding sentencing: "THE COURT: Does it appear that there is a likely prospect that Mr. Kettle will be back before the Court for reconsideration of a sentence at a later time? MS. MASTANDREA-MILLER: Yes, sir, I believe so."

There is at least some authority to support Kettle's contention that it would be inappropriate for a judge to consider the likelihood of a defendant's future cooperation when determining a sentence. See United States v. Barnette, 427 F.3d 259, 262 (4th Cir. 2005) ("A sentencing court cannot allow 'the prospect of Rule 35(b) relief in the future' to influence or alter its decision on a motion for a downward departure under [USSG] § 5K1.1."). Though this is an issue of first impression before us, the Sixth Circuit has held that "sentencing courts cannot consider the potential for a future sentence reduction in imposing sentence." United States v. Recla, 560 F.3d 539, 545 (6th Cir. 2009). However, because this objection was not raised before the district court, our review is for plain error on appeal. See Fed. R. Crim. P. 52(b); Olano, 507 U.S. at 731-32.

5

Here, Kettle is unable to demonstrate plain error. The district court merely raised the question of whether Kettle would likely be back before the court for a future reconsideration of his sentence. There is no evidence, however, that the judge actually based the sentence upon this consideration. Indeed, the record reflects that the district judge made an individualized assessment of the proper sentence, applying the appropriate 18 U.S.C. § 3553(a) factors in determining Kettle's sentence. Accordingly, we find that the district court did not commit procedural error in determining Kettle's sentence.

Next, Kettle's counsel challenges the substantive reasonableness of Kettle's sentence. Kettle's counsel argues that the district court acted unreasonably in imposing a sentence at the highest end of the advisory guidelines range, in light of the fact that it was drastically in excess of any prior sentence that Kettle had received and was unnecessarily long to deter future criminal conduct. However, this contention is without merit. Under Rita, this court affords a sentence within a properly calculated guideline range a presumption of reasonableness. 551 U.S. at 347; see Green, 436 F.3d at 457. Kettle's counsel does not disclaim that his advisory guideline range was properly calculated by the district court. Additionally, Kettle's counsel concedes that Kettle was

sentenced within this range. Finally, Kettle provides no basis for rebuttal of the presumption. Accordingly, the district court did not abuse its discretion in sentencing Kettle to eighty-seven months' imprisonment.

Kettle raises two other issues in his pro se supplemental brief. First, Kettle contends that his guilty plea was involuntary, as he did not understand the nature of the charge against him. The record, however, reflects that the magistrate judge conducted a thorough plea colloquy, wholly in compliance with Federal Rule of Criminal Procedure 11. During the colloquy, the magistrate judge explained the nature of the charge against Kettle, and Kettle affirmed that he understood the charge. The judge later questioned whether Kettle understood the pending charge against him, and Kettle again affirmed that he did. Accordingly, as a defendant is bound by his prior sworn statements in the absence of clear and convincing evidence to the contrary, we find that this issue is without merit. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (courts can rely on statements made in open court at subsequent collateral proceedings).

Finally, Kettle contends that his attorney failed to make a reasonable effort to explain to Kettle the meaning of the Anders brief and notice, in violation of United States v.

7

Santiago, 495 F.3d 27, 30 (2d Cir. 2007). In Santiago, the Second Circuit held that, where a defendant may be illiterate, Anders notice documents alone are insufficient to apprise the defendant of the substance of the Anders brief and the defendant's right to oppose it, without some additional effort "to ensure that their contents are communicated to the defendant orally." Id. Nevertheless, as Kettle is literate and filed a pro se brief in response to his counsel's Anders brief and notice, Santiago is inapplicable and this issue is without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Kettle, in writing, of the right to petition the Supreme Court of the United States for further review. If Kettle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kettle.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED