**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4365

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FORTINO MALDONADO-GUILLEN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:14-cr-00072-RLV-DSC-9)

Submitted: March 23, 2017                    Decided: March 31, 2017

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scarlet B. Moore, Greenville, South Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fortino Maldonado-Guillen appeals from his convictions and 235-month sentence entered pursuant to his guilty plea to drug and money laundering conspiracies. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred during the plea or sentencing hearings. Counsel did not proffer any specific claims of error. Maldonado-Guillen filed a pro se supplemental brief asserting that he was not given the proper resources to file a supplemental brief, that the district court erred in failing to substitute counsel at sentencing, and that the court should have permitted him to withdraw his guilty plea. After a careful review of the record, we affirm.

## I.

Because Maldonado-Guillen rescinded his motion to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

2

The record shows that the district court substantially complied with Rule 11. Moreover, the district court ensured that Maldonado-Guillen entered his plea knowingly and voluntarily and that a factual basis supported his plea. *See DeFusco*, 949 F.2d at 116, 119-20. Accordingly, there was no reversible error at Maldonado-Guillen's guilty plea hearing.

## II.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Neither Maldonado-Guillen nor his counsel raises issues about the calculation of the Guidelines range, and our review does not show any error. The district court provided an individualized explanation for the sentence it imposed. Moreover, the

3

district court granted a downward variance, imposing a sentence below the Guidelines range. Because the record does not show any factors rebutting Maldonado-Guillen's presumptively reasonable sentence, we find no error at the sentencing hearing.

III.

Maldonado-Guillen contends, in his supplemental brief, that he speaks only Spanish and is illiterate. Thus, he asserts that he was not given a fair opportunity to file a supplemental brief because he was only provided the transcripts in Spanish, which he could not read and which could not be understood by the person who was assisting him in jail. Moreover, he asserts that he needs copies of the full district court docket and all filings to have a proper opportunity to raise meritorious issues.

Appellate counsel arranged for the *Anders* brief and notice to be communicated orally in Spanish to Maldonado-Guillen, and Maldonado-Guillen requested and received the transcripts in Spanish. *See United States v. Santiago*, 495 F.3d 27, 30 (2d Cir. 2007) (holding that, where defendant may be illiterate, *Anders* notice documents alone are insufficient to apprise defendant of substance of *Anders* brief and defendant's right to oppose it, without some additional effort to ensure that contents are communicated to defendant orally). In the district court, trial counsel had the indictment, plea agreement, and factual basis translated into Spanish. While the record contains conflicting evidence regarding whether Maldonado-Guillen can read Spanish, his supplemental brief references specific statements in the transcripts. Thus, we conclude that Maldonado-Guillen has not shown a need for English copies of the transcripts.

4

Regarding Maldonado-Guillen's request for further documents, his sweeping motion is overbroad, and he has shown no probability that the remaining documents would reveal meritorious issues. Maldonado-Guillen pled guilty, thus waiving the right to withdraw his guilty plea. While he subsequently filed a motion to withdraw his plea, he eventually withdrew the motion. He was sentenced below the Guidelines range. His major claims, as discussed in further detail below, find no support in the record. Accordingly, we conclude that Maldonado-Guillen has not shown that his right to file a pro se supplemental brief has been impaired.

IV.

Maldonado-Guillen next asserts that the district court erred in failing to replace his counsel at his second sentencing hearing. We review the district court's denial of a motion to substitute counsel for an abuse of discretion. *United States v. Reevey*, 364 F.3d 151, 156 (4th Cir. 2004). In determining whether the trial court erred in denying a motion to substitute counsel, we are "obliged to consider three factors: (1) the timeliness of [defendant's] [m]otion[]; (2) the adequacy of the court's inquiry into [defendant's] complaint about counsel; and (3) whether [defendant] and his counsel experienced a total lack of communication preventing an adequate defense." *Id.* (citations and internal quotation marks omitted). We then "weigh these factors against the trial court's interest in the orderly administration of justice." *Id.* at 157.

On February 22, 2016, approximately three months after he was appointed, counsel submitted a motion for a hearing on the status of counsel. Maldonado-Guillen apparently disagreed with counsel's objections to the presentence report (PSR) and

5

wished to disavow his guilty plea (negotiated by a former counsel) and the factual basis. After a hearing that was not transcribed, the court entered a written order noting that Maldonado-Guillen complained that counsel was not spending enough time with him reviewing evidence. The court determined that Maldonado-Guillen had not established good cause and found no basis to remove appointed counsel.

At sentencing on April 4, 2016, Maldonado-Guillen stated that he was fully satisfied with counsel's services and that he had carefully reviewed the PSR with counsel, thus rendering moot any complaint made during the prior hearing. After a continuation, the sentencing hearing resumed on June 9. At that point, Maldonado-Guillen stated that he and his attorney argued at every meeting. Maldonado-Guillen averred that he asked several times for counsel to remove himself, but he would not do so. Maldonado-Guillen claimed that, since the last hearing on the issue, counsel still refused to review the evidence with him. In contrast, counsel stated that he had discussed the evidence with Maldonado-Guillen on seven or eight occasions. Nevertheless, Maldonado-Guillen continued to dispute the factual basis and claimed that, the last time counsel visited him, counsel stayed only three minutes before becoming upset and leaving.

We find that this factual background does not support a finding that the district court abused its discretion. The disputes between Maldonado-Guillen and his attorney appear to rest on Maldonado-Guillen's disappointment with the length of the sentence calculated in the PSR. Based on this, Maldonado-Guillen wanted to challenge his guilty plea, arguing that he was tricked into believing that he would get a lower sentence, and he additionally sought to challenge parts of the factual basis used to enhance his sentence.

6

His attorney correctly counseled him that he lacked a basis to withdraw his plea, given his testimony at his Rule 11 hearing that no promises had been made to him regarding a potential sentence and that he understood and agreed with the factual basis.

Moreover, while Maldonado-Guillen's initial request to substitute counsel may have been timely, he stated at his first sentencing hearing that he was satisfied with his attorney, thus indicating that any disputes or misunderstandings had been resolved. In addition, the factual findings supporting the calculated Guidelines range were generally determined at the first sentencing hearing. Two months later, when sentencing resumed, Maldonado-Guillen sought to replace counsel based on his attorney's alleged continued failure to review evidence with him and to challenge parts of the factual basis. However, the time for evaluation of the evidence and related objections had already passed, which perhaps explains counsel's alleged frustration.

Thus, while the court did not conduct a second inquiry into the issue of substitution of counsel, Maldonado-Guillen based his request on the same issue–failure to review evidence–that had been the subject of the prior hearing. In addition, any further review of evidence would have been fruitless after the first sentencing hearing. Thus, there was no abuse of discretion when the district court refused to consider anew the motion to substitute counsel.

## V.

Finally, Maldonado-Guillen claims that the district court should have permitted him to withdraw his guilty plea in the face of his repeated assertions of innocence of many of the factual allegations against him, the fact that he could not read his plea

agreement, and his contentions that he was coerced into pleading guilty by his attorney. First, Maldonado-Guillen rescinded his motion to withdraw his plea; thus, the court did not abuse its discretion in failing to grant a motion that was abandoned. Second, Maldonado-Guillen's contentions that he misunderstood the consequences of his plea and the factual basis were first raised after the PSR was filed, indicating that Maldonado-Guillen was concerned about his sentence calculation, rather than the impropriety of his plea. Moreover, such a claim would not be a basis to withdraw his plea, given his testimony at his Rule 11 hearing that he had not been made any promises regarding his sentence and that he was satisfied with his attorney. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that petitioner is bound by his solemn declarations in open court and that unsubstantiated efforts to refute record are insufficient to require hearing absent extraordinary circumstances). Finally, as discussed above, Maldonado-Guillen's Rule 11 hearing was sufficient, and his plea was knowing, voluntary, and supported by a factual basis.

"[A] 'fair and just' reason for withdrawing a plea is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). The defendant bears the "heavy burden" to demonstrate the existence of such a reason. *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted). Maldonado-Guillen has not met this heavy burden.

In accordance with *Anders*, we have reviewed the record in this case for meritorious issues and have found none. Thus, we affirm Maldonado-Guillen's

8

convictions and sentence. This court requires that counsel inform Maldonado-Guillen, in writing, of the right to petition the Supreme Court of the United States for further review. If Maldonado-Guillen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Maldonado-Guillen. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*