UNITED STATES of America,
Appellee,

v.

**Ruben LEYBA, Defendant–Appellant.**

**Docket No. 03–1703.**

United States Court of Appeals,
Second Circuit.

Submitted: June 23, 2004.

Decided: Aug. 11, 2004.

**54**

Philip L. Weinstein, The Legal Aid Society, New York, NY, for Defendant–Appellant.

Jonathan B. Leiken, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Before: CABRANES, STRAUB, and KATZMANN, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

This case presents the issue of defense counsel's responsibilities to inform a non-English-speaking client of counsel's motion, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to withdraw as counsel on appeal.

Defendant appeals from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*) convicting him, following a guilty plea, of violating 8 U.S.C. § 1326 by illegally reentering the United States after being deported due to an aggravated felony conviction; and sentencing defendant principally to 57 months' imprisonment. Defendant's attorney, Philip L. Weinstein, has moved to be relieved as counsel pursuant to *Anders,* and the Government has moved for summary affirmance.

■ Under *Anders,* court-appointed appellate counsel may ask the court for permission to withdraw if "counsel is convinced, after conscientious investigation, that the appeal is frivolous." *Id.* at 741, 87 S.Ct. 1396 (internal quotation marks omitted). Counsel's request "must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* at 744, 87 S.Ct. 1396. Counsel must furnish the client with a copy of the motion and accompanying brief, as well as "a letter informing the client that he or she has the right to file a *pro se* brief." *United States v. Arrous,* 320 F.3d 355, 358 (2d Cir.2003). Our Court's instructions to counsel entitled "How to Appeal Your Criminal Case," further specify the notice to be given to the client:

> An attorney filing an *Anders* brief must also submit an affidavit or affirmation to the Court stating that the client has been informed:

(1) That a brief pursuant to *Anders* . . . has been filed.

(2) That the filing of an *Anders* brief will probably result in the dismissal of the appeal and affirmance of the conviction.

(3) That the client may request assistance of other counsel or submit *pro se* response papers.

*See* United States Court of Appeals for the Second Circuit, How to Appeal Your Criminal Case 6 (2004).

In this case, Mr. Weinstein filed on March 18, 2004, along with his *Anders* motion and brief, a declaration stating that he had "mailed . . . a letter" to, "told," or "informed" defendant that an *Anders* brief had been filed; that the *Anders* brief, if unopposed, would likely result in affirmance; that defendant could submit *pro se* papers in response or request the assignment of other counsel; and that defendant was required to file any papers by April 15, 2004. It is unclear from Mr. Weinstein's declaration whether he has simply mailed a letter to defendant containing this information, or has also had some oral communications with defendant. It is also unclear whether counsel's letter was written in English or Spanish, or whether his oral communications (if any) were in English or Spanish.

Defendant has not responded to the *Anders* motion. According to the Presentence Report filed in this case, he speaks Spanish but not English, and cannot read in either language. It is therefore possible that defendant's only notice of his rights to respond to the *Anders* motion was contained in a letter, written in English, that he could not read. We address the adequacy of such notice.

As a general matter, due process imposes a requirement of reasonableness in giving notice. In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court held that notice of a judicial settlement of accounts by the trustee of a common trust fund must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." The Supreme Court has more recently observed that "[s]ince *Mullane* was decided, we have regularly turned to it when confronted with questions regarding the adequacy of the method used to give notice." *Dusenbery v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002).

We are mindful that our Court sits in one of the polyglot capitals of the world. According to the 2000 U.S. Census, almost 5 million residents of New York State alone—one of three states within our Circuit's jurisdiction—speak a language other than English at home; almost half of these speak Spanish, and hundreds of thousands speak one of several other languages, including Chinese languages, Italian, Russian, French, French Creole, Polish, Yiddish, and Korean. *See* 2000 U.S. Census, Summary Tables on Language Use and English Ability, tables 1, 5. Although many of these residents have some proficiency in English, over one million report that they speak English "not well" or "not at all." *Id.* table 3. Where a defense attorney knows that his client falls within the substantial population of those who cannot understand English, it is unreasonable for him to provide English-only notice to the client (who, if counsel has been appointed by the court, is also presumably indigent) of the client's rights under *Anders*.

Accordingly, we hold that where counsel moves to withdraw under *Anders*, due process requires that a defendant whom counsel knows does not speak English is enti-

tled to more than a written statement in English of his rights. At a minimum, counsel should make reasonable efforts to contact the defendant in person or by telephone, with the aid of an interpreter if necessary, to explain to the defendant the substance of counsel's *Anders* brief, the defendant's right to oppose it or seek new counsel, and the likelihood that the brief could result in dismissal of the appeal. Of course, written notice of the foregoing, in a language understood by the client, would also suffice.

This approach ensures that a defendant is adequately informed, and should require little additional effort on defense counsel's part, particularly where, as here, the defendant speaks a language other than English that is widely spoken within this jurisdiction. Even where a defendant speaks a language that is less widely spoken, it should not be unduly burdensome for counsel—who presumptively was able to communicate orally with the defendant, with or without an interpreter, in order to provide legal assistance in the district court—to communicate with the defendant again. In light of the large number of languages spoken within our Circuit, we do not believe it appropriate to require counsel to undertake a written translation of the *Anders* brief or other notice in a defendant's native language other than English.

In this case, Mr. Weinstein might have already complied with this requirement. Since we have not enunciated these requirements for non-English-speaking defendants before, it is understandable that the declaration by Mr. Weinstein, an experienced and capable criminal defense attorney, did not specify the precise manner in which notice was given to defendant. Counsel is therefore directed to ensure that these requirements have now been met and to file an amended declaration.

After counsel has complied with this order, this Court will proceed to adjudicate counsel's *Anders* motion and the Government's motion for summary dismissal.