08-5428-cv
United States v. 777 Greene Ave.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2009

(Submitted: April 20, 2010          Decided: June 18, 2010)

Docket No. 08-5428-cv

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

-v.-

777 GREENE AVENUE, real property located
at 777 Greene Avenue, Brooklyn, NY, 11221,
115 LYRIC CIRCLE, real property located at
115 Lyric Circle, also known as 115
Whispering Woods, Brodheadsville, PA
18322, and $7,106 IN U.S. CURRENCY seized from 777 Green
Avenue, Brooklyn, NY, 11221,

*Defendants* in rem,

MARY MAYO,

*Claimant-Appellant.*[*]

---

[*] The Clerk of the Court is respectfully directed to amend the official caption of this appeal to conform to the caption of this opinion.

Before: MINER, CABRANES, and WESLEY, *Circuit Judges*.

Motion to withdraw as counsel filed by the attorney that we appointed to represent the claimant-appellant in this appeal pursuant to 18 U.S.C. § 983(b)(2)(A). We hold that such a motion will not be granted unless counsel satisfies the requirements that we have established under *Anders v. California*, 386 U.S. 738 (1976) and its progeny. Counsel's motion, which rests on the conclusory assertion that this appeal is not "viable," does not pass muster under this standard.

DENIED.

———————————————

VINOO P. VARGHESE, New York, NY, *for Claimant-Appellant*.

TANYA YVETTE HILL, Assistant United States Attorney, *for* Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, *for Appellee*.

———————————————

WESLEY, *Circuit Judge*:

Vinoo P. Varghese, counsel for claimant-appellant Mary Mayo, moves for permission to withdraw as counsel in this appeal. Mayo appeals from a civil judgment ordering the forfeiture of two pieces of real property, one of which is her primary residence, and a sum of currency. Although claimants in civil forfeiture proceedings lack a Sixth Amendment right to counsel, Congress, through the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), has created a statutory right to fill that void. The district court

2

appointed Varghese to represent Mayo pursuant to this statute, 18 U.S.C. § 983(b)(2)(A), as did we for purposes of this appeal.

Like the limited exception to the constitutional right to counsel announced in *Anders v. California*, 386 U.S. 738 (1967), the statutory right to counsel under CAFRA is not absolute. We need not, and therefore do not, reach the question of whether these distinct rights to counsel are coextensive. However, we hold that, with regard to motions to withdraw filed by appellate counsel appointed pursuant to 18 U.S.C. § 983(b)(2)(A), the procedure established under *Anders* and its progeny is best suited to protect the right to counsel to which indigent litigants, such as claimant-appellant, are entitled.

Counsel has not filed an appellate brief on behalf of Mayo, despite receiving several extensions of the relevant deadlines. Instead, he now seeks to withdraw and asserts — without supporting authority, record citations, or analysis — that the issues in the appeal are not "viable." We appointed Varghese to act as Mayo's zealous advocate, not an amicus curiae. Accordingly, because counsel's application falls short of the standards announced in *Anders*, the motion

is denied.

## I. BACKGROUND

The government commenced this action in January 2005, seeking to take possession of two properties and $7,106 in United States currency, all of which it alleged was subject to forfeiture because, *inter alia*, the property was traceable to the exchange of controlled substances. *See* 18 U.S.C. § 981(a)(1)(C).[1] An attorney initially appeared in the case on behalf of the defendants *in rem* as well as claimant-appellant Mary Mayo, who intervened in the action as a claimant with an interest in the properties. At a December 7, 2007 settlement conference, however, Mayo consented to allow the attorney to withdraw.

On December 25, 2007, Mayo filed a motion requesting that the district court appoint her new counsel, along with a declaration indicating that the real properties at issue serve as her "homes" and that she could not afford an attorney. (Application for the Court to Request Counsel, *United States v. 67 Stuyvesant Ave.*, No. 05 Civ. 47 (E.D.N.Y. Dec. 25, 2007).) The district court granted the

---

[1] The government's forfeiture allegations arise out of a related criminal case involving narcotics offenses. (*See* Superseding Indictment, *United States v. Mayo*, No. 05 Cr. 43 (S3) (E.D.N.Y. Oct. 18, 2005).)

4

motion, and instructed the Legal Services Corporation to provide counsel from the Criminal Justice Act panel pursuant to 18 U.S.C. § 983(b)(2)(A). On April 30, 2008, the Legal Services Corporation "consent[ed]" to the appointment of Vinoo P. Varghese, Esq. as counsel for Mayo in the district court proceedings. Varghese went on to represent Mayo at a jury trial, which resulted in a September 19, 2008 verdict in favor of the government. The district court entered a Decree of Final Forfeiture on November 4, 2008.

On November 7, 2008, Varghese filed a notice of appeal on Mayo's behalf. By letter dated January 15, 2009, Varghese represented to this Court that he was appearing as Mayo's "[l]ead[] attorney of record." On April 13, 2009, after receiving several extensions of the relevant submission deadlines, Varghese filed a motion on behalf of Mayo requesting: (1) that he be formally appointed as her counsel in this appeal pursuant to 18 U.S.C. § 983(b)(2)(A); and (2) an additional extension of the briefing schedule.

We granted the motion in both respects and entered a revised scheduling order directing Varghese to file his client's opening brief by November 30, 2009. Counsel failed to meet that deadline. The Clerk of the Court therefore

entered an order on January 8, 2010, which stated that "the appeal will be dismissed effective [January 22, 2010] if [claimant-appellant's] brief and appendix are not filed by that date. No extension of time to file will be granted."

Once again, counsel did not heed our scheduling order. On the day of the final deadline, January 22, 2010, he filed the instant motion requesting that the court permit him to withdraw from his representation of Mayo. The government did not take a position regarding the application. The motion did not include an affirmation from Mayo, legal authority, record citations, or analysis of Mayo's appellate arguments. Instead, it was accompanied only by a two-page affirmation from Varghese that stated, in pertinent part:

> After reviewing all the transcripts and evidence in this case, I have determined [that] there are no viable issues on appeal [] which could lead to reversal. Thus, I do not wish to waste the Court's or the government's time in filing an appeal that I know has no chance of succeeding on appeal.
>
> I also do *not* seek compensation for the hours I have spent filing the necessary notices and motions on this appeal, as well as the time attending the CAMP conference, and for my research hours.

(Varghese Aff. ¶¶ 4-5 (emphasis in original).) Varghese also indicated that he had "informed appellant of [his]

findings regarding the non-viability of her appeal," but that she still "wished to pursue the appeal."  (*Id.* ¶ 8.) Based on those representations, counsel "ask[ed] the Court to allow appellant to proceed *pro se* and to set a new briefing schedule."  (*Id.* ¶ 9.)

## II.  DISCUSSION

Having invoked 18 U.S.C. § 983(b)(2)(A) as the basis for his appointment in this appeal, counsel now seeks permission to withdraw.  The motion rests principally on counsel's representation that, in his view, the appeal is not "viable."  In a criminal appeal, this bald assertion — unaccompanied by a brief in any form — would be insufficient to permit appointed counsel to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Insofar as this motion is concerned, we have not identified material differences between the federal constitutional concerns presented by an *Anders* motion and the statutory directives from Congress that are at issue here.  Accordingly, for the reasons set forth below, the motion is denied.

Although the Supreme Court has not categorically rejected the application of the Sixth Amendment right to counsel in civil forfeiture proceedings, several circuits,

7

including this one, have done so. *United States v. 87 Blackheath Road*, 201 F.3d 98, 99 (2d Cir. 2000) (citing *Austin v. United States*, 509 U.S. 602, 608 n.4 (1993)). Soon after our decision in *87 Blackheath Road*, Congress overhauled the civil forfeiture laws by enacting the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202, 205. "In passing CAFRA, Congress was reacting to public outcry over the government's too-zealous pursuit of civil and criminal forfeiture." *United States v. Khan*, 497 F.3d 204, 208 (2d Cir. 2007); *see also* H.R. Rep. No. 106-192, at 6 (1999) (citing *United States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896, 905 (2nd Cir. 1992)). One of the "[e]ight [c]ore [r]eforms" of CAFRA was the creation of a statutory right to counsel in certain types of civil forfeiture proceedings. H.R. Rep. No. 106-192, at 11, 14. The pertinent provision for the purpose of this motion is 18 U.S.C. § 983(b)(2)(A), which created a right to counsel for the indigent in civil forfeiture actions involving their homes:

> If a person with standing to contest the
> forfeiture of property in a judicial civil
> forfeiture proceeding under a civil forfeiture
> statute is financially unable to obtain
> representation by counsel, and the property
> subject to forfeiture is real property that is

8

being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

*Id.* Thus, where an indigent claimant seeks counsel in a civil forfeiture action relating to his or her "primary residence," the court "shall insure that the person is represented." *Id.* (emphasis added).[2] The House of Representatives report that accompanied CAFRA suggests that the provision was intended to create a right to counsel similar to the Sixth Amendment right in criminal proceedings. *See* H.R. Rep. No. 106-192, at 14.[3]

---

[2] The mandatory nature of the right to counsel in civil forfeiture proceedings involving "primary residences" of the indigent is further illustrated by reference to the preceding subparagraph of the statute, 18 U.S.C. § 983(b)(1). Under that provision, where an indigent claimant in a civil forfeiture action has been appointed counsel pursuant to the Criminal Justice Act, *see* 18 U.S.C. § 3006A, in a "related criminal case, the court *may* authorize counsel to represent that person with respect to the claim." *Id.* § 983(b)(1) (emphasis added). Section § 983(b)(2)(A), by contrast, confers no such discretion. When the statutory requirements are met, courts "shall insure that the [claimant] is represented." *Id.* § 983(b)(2)(A).

[3] The Report states:

There is no Sixth Amendment right to appointed counsel for indigents in civil forfeiture cases, since imprisonment is not threatened. This is undoubtedly one of the primary reasons why so many civil seizures are not challenged. As the cochairs of the National Association of Criminal

9

Of course, even in criminal proceedings, the Sixth Amendment right to counsel is not absolute. Relevant here is *Anders v. California*, 386 U.S. 738 (1967), which "recognizes the limited exception to indigent defendants' well-established right to the effective assistance of counsel on direct appeals from convictions." *United States v. Hall*, 499 F.3d 152, 156 (2d Cir. 2007). Based on the Sixth Amendment exception arising out of *Anders*, we have created a procedure whereby appointed counsel may seek to withdraw from a criminal appeal in instances where professional ethics and judicial economy require an attorney to inform the Court that the appeal is frivolous. *See, e.g.*, *United States v. Leyba*, 379 F.3d 53, 54-55 (2d

Defense Lawyers' Forfeiture Abuse Task Force stated before this Committee in 1996: "The reason they are so rarely challenged has nothing to do with the owner's guilt, and everything to do with the arduous path one must journey against a presumption of guilt, often without the benefit of counsel, and perhaps without any money left after the seizure with which to fight the battle." This Committee believes that civil forfeiture proceedings are so punitive in nature that appointed counsel should be made available for those who are indigent, or made indigent by a seizure, in appropriate circumstances.

H.R. Rep. No. 106-192, at 14 (quoting the joint statement of E.E. (Bo) Edwards III, David Smith, and Richard Troberman) (footnotes omitted)).

Cir. 2004).

Under *Anders*, there are several prerequisites that must be satisfied before we will allow an appointed attorney to withdraw.  *E.g.*, *United States v. Whitley*, 503 F.3d 74, 76 (2d Cir. 2007).  Among other things, counsel must:  (1) represent to the Court that he or she is "'convinced, after conscientious investigation, that the appeal is frivolous,'" *Leyba*, 379 F.3d at 54 (quoting *Anders*, 386 U.S. at 741); and (2) submit a brief that "identif[ies], by record references, issues that have at least arguable merit supported by legal authority," *United States v. Burnett*, 989 F.2d 100, 103 (2d Cir. 1993).  These steps are necessary, but not sufficient by themselves, to warrant withdrawal.  We will not grant an *Anders* motion unless we are satisfied that "counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal," and that counsel's characterization of the appeal as "frivolous is, in fact, legally correct."  *Id.* at 104.

The concerns expressed in *Anders* and its progeny resonate here as well, especially in light of the suggestion from CAFRA's legislative history that Congress wished to create a right to counsel in civil forfeiture proceedings

analogous to the right to counsel established by the Sixth Amendment. Consequently, it is sensible to understand the right created by § 983(b)(2)(A) to contain a similar limitation to that expressed in *Anders*. That said, we have yet to either consider in detail the relationship between these distinct rights to counsel, or establish a procedure whereby appellate counsel appointed pursuant to CAFRA may seek to withdraw from a civil forfeiture action. We decline to hold in this opinion that the constitutional and statutory rights to counsel are coextensive. But, because the considerations of judicial economy and professional responsibility apply with equal force to the respective rights to counsel established under CAFRA and the Sixth Amendment, the procedure established under the *Anders* line of cases is best suited to protect the right to counsel to which indigent litigants, such as claimant-appellant, are entitled under § 983(b)(2)(A). Therefore, we now hold that court-appointed appellate counsel seeking this Court's permission to withdraw from an appointment made pursuant to § 983(b)(2)(A) must:

> (1) Certify that he or she has come to the conclusion that the appeal is frivolous, and submit a brief explaining the bases for that conclusion with citations to the record and legal

12

authority; and

(2) Certify that he or she has informed the client: (a) that he or she intends to seek to withdraw from the case, (b) that withdrawal will probably result in the dismissal of the appeal, and (c) that the client may request assistance of other counsel or proceed *pro se*.

In addition, well in advance of filing the motion with this Court, "[c]ounsel must furnish the client with a copy of the motion and accompanying brief, as well as a 'letter informing the client that he or she has the right to file a *pro se* brief.'" *Leyba*, 379 F.3d at 54 (quoting *United States v. Arrous*, 320 F.3d 355, 358 (2d Cir. 2003)).

Under this standard — which, in fairness, we have not previously articulated — counsel's motion falls short. In lieu of filing an appellate brief, apparently, counsel seeks to withdraw based on his representation that there are no "viable" issues in the appeal.[4] Counsel has not suggested

---

[4] The representations in counsel's motion are roughly equivalent to those made by the defendant's appointed counsel in *Anders*. There, the Supreme Court held that counsel had not satisfied his responsibility to his client by submitting a letter to a state appellate court that stated:

I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained may views and opinions to him . . . . [H]e wishes to file a brief in this matter on his own behalf.

that withdrawal is mandatory under the ethical rules that govern his professional conduct. *See* N.Y. Rule of Prof. Conduct 1.16(b) (governing mandatory withdrawal); *see also* *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (discussing withdrawal under the Model Code of Professional Responsibility). Nor has counsel represented to the Court that this appeal is frivolous, *i.e.*, that it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988).

Frivolousness is the applicable standard in the *Anders* context because a frivolous appeal "may be decided without an adversary presentation." *Penson v. Ohio*, 488 U.S. 75, 82 (1988). Indeed, the Supreme Court has directed that, "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he *should* so advise the court and request permission to withdraw." *Anders*, 386 U.S. at 744 (emphasis added); *see also McCoy*, 486 U.S. at 436. Thus, under *Anders*, where counsel certifies that a

---

386 U.S. at 743. Similarly, in *Penson v. Ohio*, the Court rejected counsel's use of a letter bearing a "marked resemblance" to the correspondence in *Anders*, which stated that "counsel, after carefully reviewing the record, 'found no errors requiring reversal, modification and/or vacation of appellant's' conviction or sentence." 488 U.S. 75, 81 n.3 (1988) (quoting the letter).

direct appeal in a criminal case is frivolous and the appellate court agrees, the defendant has, in essence, received the assistance of counsel to which he is entitled under the Sixth Amendment. *See McCoy*, 486 U.S. at 437.

But counsel in this case has not stated that the appeal is frivolous. It is unclear precisely what he means by "viable," and whether this appeal is amenable to resolution in a non-adversarial fashion. We are sure, however, that "mere speculation that counsel would not have made a difference is no substitute for actual appellate advocacy." *Penson*, 488 U.S. at 87. Therefore, whatever differences may exist between the Sixth Amendment right to counsel in criminal proceedings and the statutory right to counsel created by § 983(b)(2)(A), we are not satisfied that counsel's motion, even if the representations it contains are accurate, affords Mayo the benefit of the statutory right to counsel to which she is entitled.

The second, related defect in this motion is that we have no way of knowing how counsel came to the conclusion that the appeal is not "viable." Counsel did not submit any record citations or legal analysis to support his assessment. By failing to file an appellate brief in any

15

form, counsel has not adequately served either the client that we appointed him to represent or this Court. *Cf. Burnett*, 989 F.2d at 104 ("[A]n *Anders* brief performs a dual function: to assist the appellate court in reviewing the appeal and to insure that indigent criminal appellants receive effective assistance of counsel."). "The vigorous prosecution of an appeal" on behalf of a client "requires minimally the filing of a main appellate brief." *In re Flannery*, 186 F.3d 143, 144 (2d Cir. 1999). Moreover, "simply putting pen to paper can often shed new light on what may at first appear to be an open-and-shut issue." *Penson*, 488 U.S. at 81 n.4. Accordingly, we decline to allow counsel to withdraw based on his entirely conclusory assertion that the appeal is not "viable."

### III. CONCLUSION

For the foregoing reasons, the motion is denied. Counsel shall file appellant's opening brief within sixty days of this opinion, and it should contain the best non-frivolous arguments that can be made on behalf of the client that we appointed him to represent.

If counsel ultimately comes to the conclusion that the appeal is, in fact, frivolous, then he is directed to file a

16

brief explaining the bases for that conclusion with citations to the record and legal authority. If he seeks to withdraw, counsel is also directed to certify in his brief to this Court that he has informed his client that: (1) he intends to file a motion to withdraw along with the accompanying brief; (2) withdrawal will probably result in the dismissal of the appeal; and (3) she may request assistance of other counsel or proceed *pro se*. Finally, well in advance of any such motion to withdraw, counsel is also directed to provide Mayo with a copy of the motion and the brief, as well as a letter informing her that she has a right to file a *pro se* brief.

The Clerk of the Court shall set the remainder of the briefing schedule with input from counsel, but no further extensions will be granted absent truly compelling circumstances.