TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00249-CV






Benjamin Sanchez, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT

NO. D-1-FM-08-005730, HONORABLE RHONDA HURLEY, JUDGE PRESIDING






O R D E R

PER CURIAM


 Benjamin Sanchez appeals the district court's order terminating his parental rights
to his minor child, J.S. Sanchez's court-appointed attorney filed a brief concluding that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds to be advanced. See also Taylor v. Texas Dep't of Protective & Regulatory
Servs., 160 S.W.3d 641, 646-47 (Tex. App.--Austin 2005, pet. denied) (applying Anders procedure
in appeal from termination of parental rights).

 Counsel provided Sanchez with a copy of his brief and a notice of Sanchez's right to
examine the appellate record and to file a pro se brief. See Meza v. State, 206 S.W.3d 684, 689 n.23
(Tex. Crim. App. 2006) (stating that appellate counsel filing Anders brief and motion to withdraw
must provide notice to client satisfying these three "educational burdens"). Sanchez has not filed
a pro se brief or otherwise responded to counsel's Anders brief and motion to withdraw. We note,
however, that both the brief and the notice provided to Sanchez were written in English. The record
reflects that at trial, Sanchez testified in Spanish with the aid of an interpreter. There is nothing in
the record to indicate that Sanchez reads or understands English.

 At least one federal court has held that "where counsel moves to withdraw under
Anders, due process requires that a defendant whom counsel knows does not speak English
is entitled to more than a written statement in English of his rights." United States v. Leyba,
379 F.3d 53, 55-56 (2d Cir. 2004). We agree. "At a minimum, counsel should make reasonable
efforts to contact the defendant in person or by telephone, with the aid of an interpreter if necessary,
to explain to the defendant the substance of counsel's Anders brief" and the defendants' rights under
Anders. Id. at 56. Written notice of the foregoing, in a language understood by the defendant, would
also suffice. See id. Because the record before us does not affirmatively demonstrate that Sanchez
cannot read and understand English, counsel's certification of his own personal knowledge that
Sanchez does in fact read and understand English would fulfill this requirement as well.

 Counsel is hereby ordered to certify to this Court within 30 days of this order that he
has complied with the language requirement described above. If counsel fails to do so, the appeal
will be abated for appointment of substitute counsel.

 It is ordered February 3, 2011.



Before Justices Puryear, Henson and Goodwin