**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DELFINO BAROCIO-MENDEZ,

    Defendant - Appellant.

No. 13-6128
(D.C. No. 5:12-CR-00254-C-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Delfino Barocio-Mendez,[1] a native of Mexico, appeals his sentence following a

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

guilty plea to illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2). His counsel seeks leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Neither Barocio nor the government filed a response to the Anders brief. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal and grant counsel's motion to withdraw.

## I

Barocio was removed from the United States in 1997, 1998, 1999, and 2003. On February 7, 2013, he pled guilty without a plea agreement to being unlawfully present in the United States after prior removals. Barocio did not object to the sentencing calculations in his Presentence Investigation Report ("PSR"), which resulted in a Guidelines range of 24-30 months' imprisonment based on a total offense level of 13 and a criminal history category of IV. However, Barocio filed a memorandum before the district court requesting a sentence below the Guidelines range. The district court adopted the factual findings in the PSR, declined to vary from the Guidelines recommendation, and sentenced Barocio to twenty-four months' imprisonment. A notice of appeal was timely filed.

---

[1] Defendant's surnames were reversed in the indictment and during proceedings below. We have corrected his name in the case caption and will refer to him as "Barocio" in this Order and Judgment, following the practice of his attorney.

## II

After conscientiously examining a criminal case, an attorney who concludes that any appeal would be frivolous may request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit to the court and the client a brief identifying any potentially appealable issues. Id. The defendant may then file a pro se brief. Id. If, upon careful examination of the full record, the court determines that the case is "wholly frivolous," it may grant the request to withdraw and dismiss the appeal. Id.

Defense counsel acknowledges that Barocio was factually guilty and that he knowingly and voluntarily pled guilty. Barocio preserved no pretrial issues for appellate review. Thus, the Anders brief is devoted to a discussion of Barocio's sentence.

We review the reasonableness of a sentence for an abuse of discretion, determining "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotation omitted). The review includes both a procedural component and a substantive component. Id. After a thorough review of the record, we agree with counsel that any procedural challenge to Barocio's sentence would be frivolous. Counsel also explores the possibility of a substantive challenge to Barocio's sentence before concluding that it, too, would be frivolous. We agree.

A sentence falling within a properly calculated Guidelines range receives a rebuttable presumption of substantive reasonableness. United States v. Parker, 553 F.3d

- 3 -

1309, 1322-23 (10th Cir. 2009).  In the district court, Barocio sought a below-Guidelines sentence in part because he believed the Illegal Reentry Guideline formula double-counted a prior conviction, using it to support both an offense level enhancement and an increase in his criminal history category.  See U.S.S.G. § 2L1.2 & cmt. n.6.  This court has already rejected the argument that such calculations result in substantive unreasonableness.  See United States v. Algarate-Valencia, 550 F.3d 1238, 1245 (10th Cir. 2008).  Other arguments rooted in Barocio's general disagreements with the Guidelines would be similarly frivolous.  See United States v. Alvarez-Bernabe, 626 F.3d 1161, 1165-66 (10th Cir. 2010) ("[T]he district court has no obligation to duplicate the efforts of the Sentencing Commission or Congress and decide what guidelines policy it would impose if it were the sole decision-maker." (quotation omitted)).

Barocio also argued below that mitigating circumstances supported a below-Guidelines sentence.  Renewing that claim on appeal would be frivolous because the district court imposed a within-Guidelines sentence and provided a statement of "the reasons for its imposition of the sentence" as required by 18 U.S.C. § 3553(c).  See United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199-1200 (10th Cir. 2007) (comparing statutory requirement of general statement of reasons for imposition of Guidelines sentence with specific statement of reasons required for imposition of sentence outside

- 4 -

Guidelines).  Nothing in the record indicates that Barocio's sentence, which falls at the

bottom of the Guidelines range, constitutes an abuse of discretion by the district court.[2]

**III**

For the foregoing reasons, we conclude that there are no nonfrivolous grounds for

appeal.  We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[2] The record indicates that Barocio is fluent in Spanish but has a limited ability to understand English.  We commend counsel for providing Barocio with a written translation of the substance of the Anders brief.  See United States v. Leyba, 379 F.3d 53, 55-56 (2d Cir. 2004) (holding that due process entitles "a defendant whom counsel knows does not speak English . . . to more than a written statement in English of his rights" when counsel seeks to withdraw pursuant to Anders).