**REVISED, January 5, 2015**
# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 30, 2014

Lyle W. Cayce
Clerk

No. 13-40205

UNITES STATES OF AMERICA,

      Plaintiff - Appellee

v.

FRANCISCO MORENO-TORRES,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, GRAVES, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Francisco Moreno-Torres pleaded guilty to possession of marijuana with intent to distribute and was sentenced to a prison term of 76 months. The attorney appointed to represent Moreno-Torres moved on appeal for leave to withdraw and filed a brief and a supplemental brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Before reaching the merits of counsel's motion, we will consider whether Moreno-Torres received adequate notice of that motion and of his right to respond.

Both of defense counsel's briefs included a certificate of service with the following statement: "[A] hard copy will be served . . . upon Francisco Moreno-Torres." However, the record reflects that Moreno-Torres does not speak or

understand English. Counsel did not indicate whether he conveyed to Moreno-Torres, in a language Moreno-Torres understands, either the substance of the *Anders* brief or his right under *Anders* to respond to the brief. *See Anders*, 386 U.S. at 744.

The court invited Deborah Pearce, former president of the Fifth Circuit Bar Association, to submit an amicus brief regarding what the court should do under these circumstances. Consistent with caselaw and court rules elsewhere, Pearce recommended, *inter alia*, that the court direct counsel to file an amended certificate of service indicating that he communicated to Moreno-Torres, in a language Moreno-Torres understands, both the substance of the *Anders* brief and his rights pursuant to *Anders*, including the right to file a *pro se* response to the *Anders* brief.

The record on appeal then reflects that counsel filed an affidavit stating that: (1) he had communicated to Moreno-Torres by telephone, through an interpreter, both the substance of his *Anders* brief and Moreno-Torres's rights under *Anders*; (2) he had advised Moreno-Torres that Moreno-Torres had a right to respond *pro se* to the *Anders* brief, and that the filing of the *Anders* brief would likely result in the dismissal of the appeal and the affirmance of Moreno-Torres's conviction; and (3) he had complied with all obligations that the Second Circuit imposes on lawyers who file *Anders* briefs. *See United States v. Leyba*, 379 F.3d 53, 55-56 (2d Cir. 2004). Counsel also submitted an affidavit by an interpreter, who swore that she communicated in Spanish to Moreno-Torres the advice that counsel discussed in his affidavit.

We commend these supplemental clarifications confirming that Moreno-Torres received due process. The Supreme Court has held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Applying *Mullane*, the Second Circuit has held that due process requires a lawyer who knows his client does not speak English to "make reasonable efforts" to convey the following information about his *Anders* brief to his client in a language that the client understands: (1) the substance of the brief; (2) the client's right to oppose it or seek new counsel; and (3) the likelihood that the brief could result in dismissal of the appeal. *Leyba*, 379 F.3d at 55-56. Specifically, and applying *Mullane*, the Second Circuit held:

> [W]here counsel moves to withdraw under *Anders*, due process requires that a defendant whom counsel knows does not speak English is entitled to more than a written statement in English of his rights. At a minimum, counsel should make reasonable efforts to contact the defendant in person or by telephone, with the aid of an interpreter if necessary, to explain to the defendant the substance of counsel's *Anders* brief, the defendant's right to oppose it or seek new counsel, and the likelihood that the brief could result in dismissal of the appeal. Of course, written notice of the foregoing, in a language understood by the client, would also suffice.

*Id.*[1] Because counsel communicated to Moreno-Torres, in a language Moreno-Torres understands, the substance of the *Anders* brief and Moreno-Torres's rights under *Anders*, this case no longer implicates due process concerns.

In light of the foregoing, we have reviewed counsel's briefs and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

---

[1] *See also United States v. Barocio-Mendez*, 547 F. App'x 910, 912 n.2 (10th Cir. 2013) (commending counsel for providing the defendant with a written translation of the substance of the *Anders* brief); U.S. Court of Appeals for the Fourth Circuit, Certificate of Service of Anders Brief on Defendant, http://www.ca4.uscourts.gov/docs/pdfs/certificate-of-service-of-anders-brief.pdf (requiring a lawyer whose client had an interpreter in the district court to check a box stating that the client received translated information about the substance of the *Anders* brief and his right to file a *pro se* brief).

No. 13-40205

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.[2]

---

[2] We note that all active judges have concurred in the following new directive to *Anders* counsel, which includes certification language to be contained in the Certificate of Service filed with an *Anders* brief. This language also has been included in the *Anders* Guidelines posted on the Fifth Circuit's website:

If counsel in a direct criminal appeal files a brief characterizing the appeal as without merit and moves to withdraw, *Anders v. California*, 386 U.S. 738 (1967), or responds to a motion to dismiss by stating that any argument in opposition would be frivolous, counsel must advise the Clerk's Office of the client's address. In addition to fully complying with *Anders*, counsel must provide a copy of his *Anders* brief to the defendant, and the brief should include in the Certificate of Service a statement that this requirement has been complied with, and a statement that counsel has reasonably attempted to communicate, in a manner and a language understood by the defendant: (i) that counsel has fully examined the record and reviewed the relevant law, and there are no meritorious issues for appeal; (ii) that counsel has therefore moved to withdraw; (iii) that if granted, the motion will result in dismissal of the appeal; but (iv) the defendant has the right to file a response in English, opposing counsel's motion, within thirty days.