U.S., Richard Edward Cohen, Assistant U.S., Sarah Y. Vogel, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, Gregory Gruber, Esquire, Assistant U.S., Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Nathaniel Garrett, Esquire, Jones Day, San Francisco, CA, Anna Marie Tolin, Law Office of Anna M. Tolin, Seattle, WA, for Defendant–Appellant.

## ORDER

THOMAS, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Federal Rule of Appellate Procedure 35(a) and Circuit Rule 35–3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.

### UNITED STATES of America,
### Plaintiff–Appellee,

v.

### Ezequiel Perez CERVANTES, a/k/a
### Ezequiel Cervantes Perez,
### Defendant–Appellant.

### No. 14–5053.

United States Court of Appeals, Tenth Circuit.

May 22, 2015.

Leena Alam, Catherine J. Depew, Allen J. Litchfield, Office of the United States Attorney, Tulsa, OK, for Plaintiff–Appellee.

Ezequiel Perez Cervantes, McRae, GA, pro se.

Ryan A. Ray, Norman Wohlgemuth Chandler Jeter, Tulsa, OK, for Defendant–Appellant.

Before HARTZ, McKAY, and MATHESON, Circuit Judges.

### ORDER

MONROE G. McKAY, Circuit Judge.

Defendant Ezequiel Perez Cervantes pled guilty to two drug-related counts and two firearm-related counts. At sentencing, Defendant received a significant downward departure under U.S.S.G. § 5K1.1 and was sentenced to a total sentence of 111 months of imprisonment. On appeal, Defendant's appointed counsel seeks to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting there are no non-frivolous issues to appeal.

*Anders* authorizes defense counsel to seek permission to withdraw from representing a client in a direct criminal appeal when counsel has conscientiously examined the case and determined any appeal would be wholly frivolous. *Id.* at 744, 87 S.Ct. 1396. "Under *Anders,* counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court." *United States v. Calderon,* 428 F.3d 928, 930 (10th Cir.2005) (internal citations omitted).

According to counsel's *Anders* brief, counsel technically complied with this client-notification requirement by mailing a copy of his brief to Defendant. However, counsel has advised the court that his client does not speak or read English, so Defendant will not be able to understand the English-language brief counsel sent to him. Counsel has also advised us he did not obtain or provide Defendant with a Spanish translation of the *Anders* brief, due mainly to budgetary constraints. Moreover, because Defendant has been transferred to a prison several states away from counsel's office in Oklahoma, counsel

has been unable to meet with Defendant in person in order to explain the substance and purpose of the *Anders* brief to him. Thus, it appears Defendant has not been given notice in a language he understands regarding the substance of the *Anders* brief and his right to submit his own arguments to the court. We appreciate counsel's candor in bringing this issue to our attention.

While we have not yet ruled on how an attorney should proceed in an *Anders* case when his client does not read or understand English, two of our sister circuits have considered this issue. Both concluded that due process requires more than the mailing of a brief or letter written in a language the client does not understand. *See United States v. Leyba,* 379 F.3d 53, 55–56 (2d Cir.2004); *United States v. Moreno–Torres,* 768 F.3d 439, 440–41 (5th Cir. 2014). As the Second Circuit noted in Leyba: "As a general matter, due process imposes a requirement of reasonableness in giving notice." 379 F.3d at 55. Indeed, the Supreme Court has long held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

We agree with our sister circuits that defense counsel does not provide "notice . . . of such nature as reasonably to convey the required information," *id.,* by sending only an English-language legal brief to a client who counsel knows does not read or understand English. Due process requires more before we can rule on an *Anders* brief that will potentially result in the dismissal of the defendant's appeal.

Our sister circuits have concluded that due process is satisfied if counsel communicates to the defendant, in a language the defendant understands, the substance of the *Anders* brief and the defendant's rights under *Anders.* We agree with this analysis, and we are persuaded the approach taken by these courts provides for sufficient notice to satisfy due process without putting too great a burden on defense counsel or the court. We accordingly adopt the approach articulated in *Leyba* and *Moreno–Torres.*[1] Like our sister circuits, we will not require counsel to provide a non-English-speaking client with a translated copy of his *Anders* brief. However, when counsel knows that a client does not read or understand English:

> [a]t a minimum, counsel should make reasonable efforts to contact the defendant in person or by telephone, with the aid of an interpreter if necessary, to explain to the defendant the substance of counsel's *Anders* brief, the defendant's right to oppose it . . . , and the likelihood that the brief could result in dismissal of the appeal. . Of course, written notice of the foregoing, in a language understood by the client, would also suffice.

*Leyba,* 379 F.3d at 56.

We accordingly direct defense counsel to submit a declaration within thirty days

---

**1.** We note that the Fourth Circuit has adopted a similar rule through its standard form for the required certificate of service in an *Anders* case. *See* U.S. Court of Appeals for the Fourth Circuit, Certificate of Service of Anders Brief on Defendant, *available at* http://www.ca4.uscourts.gov/docs/pdfs/certificate-of-service-of-anders-brief.pdf?sfvrsn=6 (last accessed Mar. 19, 2015) (requiring counsel to certify, if the defendant required an interpreter at the district court level, that "[t]he substance of the *Anders* brief and [the defendant's] right to file a supplemental pro se brief within 30 days" have been interpreted and communicated to the defendant over the telephone, in person, or in writing).

setting forth his reasonable efforts to contact Defendant, whether by letter, phone call, or personal visit, to explain to him ·in Spanish (through an interpreter, if necessary) the substance of the *Anders* brief, Defendant's right to oppose it, and the likelihood the brief could result in dismissal of the appeal. Defendant will have thirty days from the date counsel provides this explanation to make any pro se arguments to this court. Counsel should explain this time limit to his client and inform us in his declaration of the date he provided this notice to his client.

After counsel has complied with this order and the permitted time for a response has passed, we will adjudicate the merits of this appeal.