FILED
United States Court of Appeals
Tenth Circuit

July 30, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EZEQUIEL PEREZ CERVANTES,
a/k/a Ezequiel Cervantes Perez,

Defendant - Appellant.

No. 14-5053
(D.C. No. 4:13-CR-00005-JHP-1)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

After examining defense counsel's *Anders* brief and the appellate record,
this panel has determined unanimously that oral argument would not materially
assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir.
R. 34.1(G). This case is therefore ordered submitted without oral argument.

Defendant Ezequiel Perez Cervantes pled guilty to two drug-related counts
and two firearm-related counts and was sentenced to 111 months of
imprisonment. Defendant filed a notice of appeal, and his appointed counsel then

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

filed a brief asserting there were no non-frivolous issues to appeal and seeking to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel informed us that he mailed a copy of his brief to Defendant, but he advised us his client does not speak or read English and he had not discussed the *Anders* brief with Defendant because Defendant had been transferred to a prison several states away from counsel's office in Oklahoma.

On May 22, 2015, we published an order in which we adopted the rule articulated in *United States v. Leyba*, 379 F.3d 53, 55-56 (2d Cir. 2004) and *United States v. Moreno-Torres*, 768 F.3d 439, 440-41 (5th Cir. 2014), which hold that when a defense attorney representing a non-English-speaking defendant seeks to withdraw under *Anders*, counsel must make reasonable efforts to contact the defendant in person, by telephone, or through written notice and explain in a language the defendant understands "the substance of counsel's *Anders* brief, the defendant's right to oppose it . . . , and the likelihood that the brief could result in dismissal of the appeal." *Leyba*, 379 F.3d at 56. We directed counsel to comply with this newly adopted rule, and we ruled that Defendant would have thirty days from the date counsel gave him this explanation to make any pro se submissions to this court.

On June 3, 2015, defense counsel submitted a declaration informing us of his compliance with our May 22 order. With the help of a court-certified interpreter, counsel telephoned Defendant and discussed the contents and purpose

-2-

of the *Anders* brief, his right to oppose it, and the likelihood that the brief might lead to dismissal of his appeal. He told Defendant that any pro se submissions would need to be sent to the court no later than July 2, 2015, and he provided Defendant with the appropriate address to mail any submissions to this court. We appreciate counsel's full and prompt compliance with our directive.

Defendant has not made any pro se filings to the court, and the government has also declined to respond to counsel's *Anders* brief. As the time for any responsive filings has passed, we will now adjudicate the merits of this appeal.

In his *Anders* brief, defense counsel identifies seven issues which his client wishes to pursue on appeal. After conducting our own review of the record, we agree with counsel that none of these issues provide a meritorious ground for appeal.

First, Defendant argues he pled guilty based on his understanding that his co-conspirators would also plead guilty to a firearms charge, and he contends it was unjust for his co-conspirators to receive lighter sentences by accepting plea offers which did not include firearms charges. However, the prosecution was not obligated to offer him a plea offer comparable to the offers made to his co-conspirators, *see United States v. Contreras*, 108 F.3d 1255, 1272 (10th Cir. 1997), and Defendant stated on the record that he was not relying upon any assurances except those contained in his plea agreement in deciding to plead guilty. Therefore, the disparity between his plea offer and those offered to his co-

conspirators does not constitute a meritorious ground for appeal.

Second, Defendant contends that defense counsel told him he would receive a sentence of approximately 57 months if he pled guilty. This contention presents a potential claim of ineffective assistance of counsel, which should generally be brought on collateral review and not direct appeal. *See United States v. Galloway,* 56 F.3d 1239, 1242 (10th Cir. 1995). Moreover, we note Defendant testified at his change of plea hearing that he understood his counts of conviction carried a minimum penalty of ten years' imprisonment.

Third, Defendant contends he should have received more sentencing credit for cooperating with the government. Defendant in fact received both a substantial downward departure and relief from the mandatory minimum sentence based on the motion the government filed in accordance with U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The district court has substantial discretion to decide whether and to what degree it should grant relief under § 5K1.1 and § 3553(e), *see United States v. Ollson*, 413 F.3d 1119, 1121 (10th Cir. 2005), and we are persuaded that Defendant cannot show an abuse of discretion based on the 111-month sentence he received in this case.

Fourth, Defendant contends he should have received a reduction in his sentence under the safety-valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. However, Defendant was ineligible for safety-valve relief because he possessed a firearm in connection with the offense. *See* 18 U.S.C. § 3553(f)(2).

Moreover, Defendant received both relief from the mandatory minimum sentence and a five-level departure under the guidelines based on the government's § 5K1.1 motion, and safety-valve relief would not have entitled him to any further reduction in his sentence.

Fifth, Defendant contends his sentences for all crimes of conviction should have been run concurrently. Defendant's sentences were imposed as required by 18 U.S.C. § 924(c)(1)(D), which mandates consecutive sentences for certain types of firearm crimes, and the district court did not err in imposing a sentence that complied with these statutory requirements.

Sixth, Defendant contends his sentence should have been lowered because the drugs seized belonged not to him but to a co-conspirator. However, the record reflects that Defendant had possession of the drugs, regardless of who may have owned them. Drugs may be in the joint possession of both an owner and an intended distributor, *see United States v. Triana*, 477 F.3d 1189, 1196 (10th Cir. 2007), and the record does not indicate any error in the district court's calculation of the drug quantities that could be attributed to Defendant for sentencing purposes.

Seventh, Defendant contends his sentence should be reduced because it is unfair that one of his co-conspirators—allegedly the leader of the drug distribution conspiracy—received a lower sentence than he did. Defendant's co-conspirator received a lower sentence because the government exercised its

prosecutorial discretion to offer the co-conspirator a better plea bargain. "[A] disparity among co-defendants is justified when sentences are dissimilar because of a plea bargain." *United States v. Zapata*, 546 F.3d 1179, 1194 (10th Cir. 2008) (internal quotation marks omitted).

We thus conclude that none of the seven issues Defendant wishes to raise on appeal are legally meritorious. Additionally, our thorough review of the record has revealed no other potentially meritorious grounds Defendant could pursue on appeal. We accordingly **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge