FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ERNESTO ALONZO-GARCIA, a/k/a
Ernesto Rodriguez,

    Defendant - Appellant.

No. 16-1044
(D.C. No. 1:15-CR-00295-REB-DW-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

    Emanuel Alonzo-Garcia pled guilty to one count of reentry of a removed alien in

violation of 8 U.S.C. § 1326.  He was sentenced to 16 months of imprisonment, to run

consecutively to a sentence for a separate state conviction.  He filed a timely notice of

appeal of the district court's sentencing.  After a diligent search of the record, Mr.

Alonzo-Garcia's counsel determined there were no non-frivolous issues that could

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

support an appeal. He therefore filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 3742(a)(2) and finding no non-frivolous issues, we dismiss the appeal. We also grant counsel's motion to withdraw.

## I. BACKGROUND

### A. *Factual History*

On May 15, 2014, Colorado officers arrested Mr. Alonzo-Garcia and charged him with 1) sexual assault on a child, 2) assault, and 3) child abuse. The officers informed federal immigration agents of the arrest. The immigration agents discovered Mr. Alonzo-Garcia had been previously removed from the United States in 2008 after he had been arrested and convicted of a felony drug offense. Mr. Alonzo-Garcia was charged in federal court with being a removed alien in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

### B. *Procedural History*

In state court, Mr. Alonzo-Garcia pled guilty to misdemeanors of child abuse and third degree assault and to the felony of attempted sexual assault on a child. The state court sentenced Mr. Alonzo-Garcia to one year in prison for each of the misdemeanors and three years for the felony conviction, to run concurrently. After sentencing in state

court, Mr. Alonzo-Garcia was transferred to federal custody by a writ of habeas corpus ad prosequendum.[1]

While in federal custody on the writ of habeas corpus, Mr. Alonzo-Garcia pled guilty to the 8 U.S.C. § 1326 violation. The U.S. Probation Office prepared a presentence investigation report ("PSR"), which calculated an offense level of 10 and a criminal history category of III for Mr. Alonzo-Garcia. This yielded a Guidelines range of 10 to 16 months in prison.

At sentencing, Mr. Alonzo-Garcia requested 1) his federal sentence to run concurrently to his state sentence and 2) a variance from the PSR's Guidelines range. The district court adopted the PSR's sentencing calculations, and Mr. Alonzo-Garcia did not object.

The district court declined to grant Mr. Alonzo-Garcia's request for a concurrent sentence or a variance, explaining that he had "considered carefully the sentencing factors and needs at 18 U.S.C. Section 3553(a)(1) through (7), and . . . in that process of analysis, made an individualized assessment based on the facts presented." ROA, Vol. 4 at 38. Among other things, the court noted Mr. Alonzo-Garcia's criminal history, including his "felonies, both for a serious drug-related felony charge, and . . . for a

---

[1] Although Mr. Alonzo-Garcia was in federal custody on the writ, he was still subject to the primary custody of Colorado. *See Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002) (explaining if a state is the first arresting sovereign, it has primary custody over a defendant and maintains this custody even if the United States takes "temporary custody under either a detainer and written request for temporary custody or a writ of habeas corpus ad prosequendum").

serious attempted sexual assault on a child." *Id.* at 39. The district court sentenced Mr.

Alonzo-Garcia to 16 months in prison to run consecutively to his state sentence.

## II. **DISCUSSION**

### A. *Anders Brief*

We appointed the Federal Public Defender's Office for the Districts of Colorado

and Wyoming to represent Mr. Alonzo-Garcia on appeal. On May 20, 2016, Mr. Alonzo-

Garcia's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967),

which

> authorizes counsel to request permission to withdraw where counsel
> conscientiously examines a case and determines that any appeal would be
> wholly frivolous. Under *Anders*, counsel must submit a brief to the client
> and the appellate court indicating any potential appealable issues based on
> the record. The client may then choose to submit arguments to the court.
> The Court must then conduct a full examination of the record to determine
> whether defendant's claims are wholly frivolous. If the court concludes
> after such an examination that the appeal is frivolous, it may grant
> counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted).

Counsel indicated he could detect no "non-frivolous grounds on which to attack

Mr. Alonzo-Garcia's conviction or sentence." Aplt. Br. at 1. He therefore sought

permission to withdraw. Counsel mailed a copy of his *Anders* brief to Mr. Alonzo-

Garcia, who did not file a response.[2]

---

[2] As he explains in his *Anders* brief, Mr. Alonzo-Garcia's counsel has complied
with our requirement from *United States v. Cervantes* that "when a defense attorney
representing a non-English-speaking defendant seeks to withdraw under *Anders*, counsel
must make reasonable efforts to contact the defendant in person, by telephone, or through
written notice and explain in a language the defendant understands 'the substance of
counsel's Anders brief, the defendant's right to oppose it . . . , and the likelihood that the
Continued . . .

We have conducted a full review of the record and agree with Mr. Alonzo-Garcia's counsel that it indicates no non-frivolous issues that may be appealed. His *Anders* brief considers whether Mr. Alonzo-Garcia's sentence is reasonable.[3]

## B. *Applicable Law*

"[T]his Court reviews sentences for reasonableness, as informed by the 18 U.S.C. § 3553(a) sentencing factors." *United States v. Montgomery*, 550 F.3d 1229, 1233 (10th Cir. 2008); *see also Gall v. United States*, 552 U.S. 38, 46 (2007). This review consists of two components: procedural and substantive reasonableness. *See Gall*, 552 U.S. at 51. We address both the procedural and substantive reasonableness of Mr. Alonzo-Garcia's sentence.

### 1. **Procedural Reasonableness**

We review a sentence's procedural reasonableness for plain error when, as here, the defendant did not object in the district court. *United States v. Booker*, 543 U.S. 220, 268 (2005); *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). The district court adequately explained its reasoning for the sentence in open court and considered Mr. Alonzo-Garcia's request for a downward variance, his request for a

brief could result in dismissal of the appeal.'" 619 F. App'x 725, 727 (10th Cir. 2015) (quoting *States v. Leyba*, 379 F.3d 53, 56 (2d Cir. 2004)).

[3] The *Anders* brief also discusses 1) Mr. Alonzo-Garcia's guilty plea and 2) his concern with being sentenced by both the Colorado state court and the federal district court. We agree with Mr. Alonzo-Garcia's counsel that there are no non-frivolous arguments to raise as to either of these aspects of Mr. Alonzo-Garcia's conviction and sentencing. We address below whether Mr. Alonzo-Garcia could have raised a non-frivolous challenge to the reasonableness of his sentence.

concurrent sentence, and the § 3553(a) factors.  Mr. Alonzo-Garcia does not contest the procedural reasonableness of his sentencing, and nothing suggests that the district court's sentencing was error.

2. **Substantive Reasonableness**

Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (quotations omitted).  We "review the substantive reasonableness of a sentence for abuse of discretion."  *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013).  This review includes the district court's decision to impose a consecutive sentence or grant a variance.  *United States v. Fay*, 547 F.3d 1231, 1235 (10th Cir. 2008); *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).  We find no abuse of discretion "unless [the sentence] is arbitrary, capricious, whimsical, or manifestly unreasonable."  *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quotations omitted).

When, as here, a defendant is sentenced within a properly calculated United States Sentencing Guidelines range, the sentence "is entitled to a rebuttable presumption of reasonableness."  *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (quotations omitted).

Mr. Alonzo-Garcia has not demonstrated the district court abused its discretion. First, Mr. Alonzo-Garcia has not offered any argument to rebut the presumption that his sentence is substantively reasonable.

Second, the district court acted within its broad discretion in deciding 1) not to grant a variance or 2) to impose a federal sentence consecutive to an unrelated state sentence. *See Setser v. United States*, 132 S. Ct. 1463, 1473 (2012) (explaining that district courts have discretion to impose federal sentences consecutively to state sentences); *United States v. Angel-Guzman*, 506 F.3d 1007, 1019 (10th Cir. 2007) (explaining district courts have discretion to not grant variances).

Third, Mr. Alonzo-Garcia's criminal history, which includes "felonies, both for a serious drug-related felony charge, and . . . for a serious attempted sexual assault on a child," ROA, Vol. 4 at 39, provided a sufficient basis to support the district court's decision.

## III. **CONCLUSION**

The *Anders* brief of Mr. Alonzo-Garcia's counsel does not identify any other arguments—frivolous or otherwise—for reversal, and our independent review of the record uncovered no potentially meritorious claims. We therefore grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

- 7 -