**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID VALENZUEL VILLANUEVA,

    Defendant - Appellant.

No. 15-6192
(D.C. No. 5:14-CR-00178-F-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

David Valenzuel Villanueva pleaded guilty to possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and illegal reentry into the United States, 8 U.S.C. § 1326(a). His plea agreement included a broad waiver of "his right to appeal his guilty plea, and any other aspect of his conviction," as well as "his sentence as imposed by the Court . . . and the manner in which the sentence [was] determined" so long as the sentence was not "above the advisory Guideline range determined by the Court." Mot. to Enforce, Att. 1 (Plea Agreement) at 7. The

---

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court determined the applicable guideline range to be 57-71 months in prison, and the court sentenced Mr. Villanueva to 71 months' imprisonment. Nevertheless, Mr. Villanueva filed a notice of appeal.[1]

The government has since filed a motion to enforce the plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, Mr. Villanueva's attorney filed a brief indicating that there are no non-frivolous issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Consequently, defense counsel requested permission to withdraw. Although counsel certified that he provided copies of his *Anders* brief and motion to withdraw to Mr. Villanueva, he did not state what steps, if any, he took to ensure that Mr. Villanueva could understand the implications of those materials, given record indications that Mr. Villanueva is a "Spanish-speaker," Mot. to Enforce, Att. 2 (Change of Plea Tr.) at 5; *see id.*, Att. 3 (Sent. Tr.) at 3-4. We therefore directed counsel to supplement his motion to withdraw to comply with the requirements of 10th Cir. R. 46.4(b)(1) and *United States v. Cervantes*, 795 F.3d 1189, 1190 (10th Cir. 2015).

Tenth Circuit Rule 46.4(b)(1) provides that when counsel files an *Anders* brief in an appeal involving a non-English speaking defendant, counsel must state in his motion to withdraw that he has made reasonable efforts to explain to the defendant

_____

[1] Mr. Villanueva's docketing statement does not identify any specific issue to be raised on appeal; he indicates only that he wishes to raise "[a]ny issue which becomes apparent upon a review of the record." Dkt. Stmt. at 5.

the substance of his *Anders* brief in a language the defendant can understand, using an interpreter if necessary. And in *Cervantes*, we held that

> at a minimum, counsel should make reasonable efforts to contact the defendant in person or by telephone, with the aid of an interpreter if necessary, to explain to the defendant the substance of counsel's *Anders* brief, the defendant's right to oppose it, and the likelihood that the brief could result in dismissal of the appeal. Of course, written notice of the foregoing, in a language understood by the client, would also suffice.

795 F.3d at 1190 (brackets, ellipsis, and internal quotation marks omitted).

Following our directive, defense counsel filed a supplemental response indicating that he had since retained a Spanish translation and interpretation firm to translate written correspondence from counsel to Mr. Villanueva. In the translated correspondence, counsel explained to Mr. Villanueva the nature of his *Anders* brief, Mr. Villanueva's right to oppose the argument contained in the brief, and the likelihood that the brief could result in dismissal of Mr. Villanueva's appeal. Counsel also provided Mr. Villanueva with the address of this court, should he choose to file a pro se response. Counsel mailed this translated correspondence to Mr. Villanueva on February 25, 2016. We subsequently afforded Mr. Villanueva an opportunity to file a pro se response to the government's motion to enforce, *see Anders*, 386 U.S. at 744, but to date he has not done so. Thus, with the time for filing a responsive pleading having now passed, we turn to the merits of the appeal.

In accord with our obligations under *Anders*, we have reviewed the motion to enforce and the record, and we conclude that Mr. Villanueva's proposed appeal falls within the scope of the appeal waiver. Also, the record indicates that Mr. Villanueva

3

knowingly and voluntarily waived his appellate rights and that enforcing the appeal waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325 (stating factors to be considered in determining whether to enforce an appeal waiver).

Accordingly, we grant the motion to enforce the appeal waiver, grant counsel's motion to withdraw, and dismiss this appeal.

Entered for the Court
Per Curiam