**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 21, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SANTIAGO GAMBOA-SAENZ,

    Defendant - Appellant.

No. 25-3116
(D.C. No. 2:21-CR-20052-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Santiago Gamboa-Saenz pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. On June 5, 2025, the district court sentenced Mr. Gamboa-Saenz to 276 months in prison to be followed by five years of supervised release. The court entered its judgment the next day, and Mr. Gamboa-Saenz appealed.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Mr. Gamboa-Saenz's counsel has since moved to withdraw from the case under *Anders v. California*, 386 U.S. 738 (1967), asserting there are no nonfrivolous grounds for appeal. Upon careful review of the record, we agree. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

## I.    BACKGROUND

Following a drug trafficking investigation, Mr. Gamboa-Saenz was charged by indictment with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. Mr. Gamboa-Saenz entered into a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) whereby he stipulated to a prison sentence of 276 months followed by five years of supervised release, subject to acceptance by the district court.[1] The plea agreement also contained Mr. Gamboa-Saenz's attestation that he had sufficient time to discuss the case and the plea agreement with his counsel, that he had read the plea agreement, and that he agreed it was true and accurate. Mr. Gamboa-Saenz signed the agreement on August 15, 2024.

Prior to sentencing, the United States Probation Office filed its Amended Presentence Investigation Report (PSR) with the district court. The PSR included multiple adjustments under the U.S. Sentencing Commission Guidelines, including a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with the crime. Although with that enhancement the total offense level

---

[1] A stipulated sentence "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

was 45, the PSR adjusted it down to 43 pursuant to Guidelines Chapter 5, Part A, commentary note 2, which provides that "[a]n offense level of more than 43 is to be treated as an offense level of 43." The PSR also assessed eight criminal history points to Mr. Gamboa-Saenz, leading to a criminal history category of IV and an advisory Guidelines imprisonment range of life.

Mr. Gamboa-Saenz objected to the PSR's two-level firearm enhancement, arguing that the Government failed to establish a nexus between the seized gun and the crime charged. During the sentencing hearing on June 5, 2025, the district court overruled Mr. Gamboa-Saenz's objection. The court then accepted the signed plea agreement and imposed the stipulated sentence of 276 months of imprisonment followed by five years of supervised release.

Mr. Gamboa-Saenz filed a pro se Notice of Appeal in which he asked the district court to appoint appellate counsel, stating that his former counsel "did not [r]epresent [him] in a fair manner, showing a clear ineffective assistance of counsel[] . . . resulting all this in a prejudice to [his] interest." ROA Vol. I at 165. Mr. Gamboa-Saenz did not present any specific examples of deficient performance by his attorneys.

Subsequently, appellate counsel for Mr. Gamboa-Saenz filed a brief to withdraw under *Anders*. The *Anders* brief noted that Mr. Gamboa-Saenz was not a native English speaker. But the brief failed to comply with Tenth Circuit Rule 46.4(B)(1), which requires counsel for a non-English speaker to provide written notice in a language understood by the defendant or certify that counsel has made

3

"reasonable efforts to contact the defendant in person or by telephone, with the aid of an interpreter if necessary, to explain to the defendant the substance of counsel's *Anders* brief, the defendant's right to oppose it, and the likelihood that the brief could result in dismissal of the appeal." *See* Tenth Circuit Rule 46.4(B)(1) (quoting *United States v. Cervantes*, 795 F.3d 1189, 1190 (10th Cir. 2015)).

We directed counsel to certify that a Spanish copy of the *Anders* brief was provided to Mr. Gamboa-Saenz, which counsel did on March 23, 2026. Mr. Gamboa-Saenz was given thirty days from his counsel's certification of service of a translated brief to respond substantively to the *Anders* brief. He has not substantively responded within that timeframe.[2]

## II.    DISCUSSION

Pursuant to *Anders*, defense counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). "[C]ounsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record." *Id.* The client may then submit his own arguments for the court's consideration. *Id.* We examine the record de novo to determine whether appeal would be frivolous. *United*

---

[2] Mr. Gamboa-Saenz did file a pro se supplemental motion, which was dated March 9, 2026—before counsel provided him with a Spanish copy of the *Anders* brief. In this motion, Mr. Gamboa-Saenz asked that he be provided a Spanish copy of the *Anders* brief and reiterated complaints about a fee dispute with his prior counsel Frank Rubino, as discussed herein.

*States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016). If we conclude that the appeal is without merit, we may grant counsel's request to withdraw and dismiss the appeal. *Calderon*, 428 F.3d at 930.

Here, the *Anders* brief argues that there is no nonfrivolous ground to challenge Mr. Gamboa-Saenz's sentence because the district court accepted his Rule 11(c)(1)(C) plea agreement and imposed the agreed-to term of imprisonment of 276 months. Counsel notes that even if Mr. Gamboa-Saenz prevailed on his challenge to the firearm enhancement, his total offense level would have remained 43 because the calculated offense level was reduced from 45 to 43 per the Guidelines, eliminating the effect of the two-level firearm enhancement. As a result, his Guidelines imprisonment range of life would be unaffected. Lastly, the *Anders* brief argues that, rather than receiving that life sentence, Mr. Gamboa-Saenz received the benefit he sought through the Rule 11(c)(1)(C) plea agreement—a sentence of 276 months (twenty-three years). And the *Anders* brief asserts there is no evidence of ineffective assistance of counsel in the record.

After examining the record and considering the *Anders* brief, we determine that there are no nonfrivolous issues upon which Mr. Gamboa-Saenz can appeal. In particular, the record reveals no nonfrivolous basis under which Mr. Gamboa-Saenz could bring an ineffective assistance of counsel claim on direct appeal. Because adequate review requires a factual record and consideration by the district court, ineffective assistance of counsel claims "brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v.*

*Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). We will consider these claims on direct appeal only in rare instances "where such claims were adequately developed by the district court prior to appeal." *United States v. Gallegos*, 108 F.3d 1272, 1280 (10th Cir. 1997).

The record does not show that Mr. Gamboa-Saenz ever raised the issue of ineffective assistance of counsel in the district court,[3] nor is there evidence that the district court ever considered this issue. Should Mr. Gamboa-Saenz wish to bring such a claim, he should instead do so on collateral review under 28 U.S.C. § 2255. *See Galloway*, 56 F.3d at 1242.

Nor does the record reveal a basis to challenge the voluntariness of Mr. Gamboa-Saenz's plea. While Mr. Gamboa-Saenz is a native Spanish speaker, he was provided an interpreter for both his change of plea hearing and sentencing hearing. And he provided a bilingual English-Spanish Petition to Enter a Plea of Guilty, which he signed. In the petition, Mr. Gamboa-Saenz attested that he understood the nature of the charges against him, the rights he was giving up by pleading guilty, and the possible consequences of his plea. With this understanding, he affirmed that he had entered his plea freely and voluntarily. Finally, counsel

---

[3] Mr. Gamboa-Saenz did file a pro se motion for the district court to review a fee dispute between Mr. Gamboa-Saenz and his former retained counsel, Frank Rubino. The court denied this motion, declining to exercise ancillary jurisdiction over the dispute. However, the record reveals no evidence Mr. Gamboa-Saenz argued that his counsel was ineffective. And there is no evidence to suggest that this fee dispute impacted the effective representation of Thomas H. Johnson, his appointed lawyer at the time he signed the plea agreement.

6

included a bilingual certification, swearing that he had fully explained the charges and the terms of the Rule 11(C)(1)(c) plea to his client. Thus, we see no basis to doubt that Mr. Gamboa-Saenz entered his plea freely and voluntarily.

Furthermore, to the extent that Mr. Gamboa-Saenz wishes to challenge his sentence, we lack jurisdiction to consider his appeal.

> Where a defendant agrees to and receives a specific sentence, he may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement. Otherwise, the Court lacks jurisdiction over the appeal.

*Calderon*, 428 F.3d at 932 (citation omitted).

We see no basis to conclude that Mr. Gamboa-Saenz's sentence, which was within the statutory range for the offense, was imposed in violation of the law. *See* 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(ii) (providing a statutory minimum term of imprisonment of ten years and a maximum of life). Nor does the record support an argument that the Guidelines were incorrectly applied. Even if the district court had sustained Mr. Gamboa-Saenz's objection to the two-level firearm enhancement, his total offense level would have remained 43 and his Guidelines imprisonment range would have remained life. Finally, in receiving a sentence of 276 months—significantly lower than his Guidelines range—Mr. Gamboa-Saenz received the sentence he agreed to under his Rule 11(c)(1)(C) plea agreement. We therefore lack jurisdiction to consider any challenge to Mr. Gamboa-Saenz's sentence.

7

### III.    CONCLUSION

Based on the issues raised in the *Anders* brief and our review of the record, Mr. Gamboa-Saenz lacks any nonfrivolous grounds for reversal. We therefore GRANT counsel's request to withdraw, and we DISMISS the appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge